[No. 29490.   Department One.   March 13, 1945.]

ADOLPH C. RETTIG, *Appellant,* v. THE COCA-COLA BOTTLING COMPANY *et al., Respondents.*[1]

[1]Reported in 156 P. (2d) 914.

*A. O. Colburn* and *Orville W. Duell,* for appellant.

*Edge, Davenport, Keith & dePender* and *Boardman Noland,* for respondents.

GRADY, J.—This action was brought by Adolph C. Rettig and Marjorie Rettig, his wife, against the Coca-Cola Bottling Company and Wayne P. Hampton, to recover a judgment for damages. The substance of the complaint is that on December 18, 1943, Wayne P. Hampton was driving a truck belonging to the Coca-Cola Bottling Company along a public highway in Spokane county, Washington, and that he did so in such a negligent manner that he collided with and ran over Garry Rettig, a son of plaintiffs, who was

then of the age of four years, causing injury to him resulting in his death.

In their answer the defendants denied the charges of negligence on their part and alleged affirmatively that at the time the child was injured he was accompanied by his mother and was in her custody and control, and that she was guilty of contributory negligence which contributed to his injury.

Before the case was tried, an order was entered dismissing Marjorie Rettig from the action. The case was tried before the court and a jury and resulted in a verdict for the defendants. The jurors inserted in their verdict the words: "unavoidable accident." The court denied a motion of the plaintiff for a new trial and entered a judgment on the verdict. The plaintiff has taken an appeal from the judgment.

The material facts of the case are not in dispute, and so far as necessary for a determination of the questions raised by appellant they are as follows:

Greenacres was a public highway in Spokane county and ran in a northerly and southerly direction. Cataldo was a public highway which ran in an easterly and westerly direction ending at its intersection with Greenacres and on the east side thereof.

On December 18, 1943, at about one o'clock in the afternoon, a passenger bus was being driven along the westerly side of Greenacres in a southerly direction. Among the passengers were Marjorie Rettig, the wife of appellant, their daughter, age seven, and Garry Rettig, their son, of the age of four years and ten months. Following the bus was a truck belonging to Coca-Cola Bottling Company driven by Wayne P. Hampton.

The bus stopped at a driveway on the west side of Greenacres approximately opposite Cataldo in order to permit Mrs. Rettig and the children to alight. The destination of Mrs. Rettig and the children was the home of her parents, who resided on Cataldo. When the bus stopped, the truck was about twenty feet at its rear. The driver of the truck slowed it down to a speed of about five miles per hour and

turned it to his left to pass the bus. As he turned the truck he sounded its horn and put it in third gear or the gear just below high gear. He then increased the speed of the truck to an estimated speed of ten miles per hour.

When the bus stopped, Garry Rettig alighted and was followed by his sister. After the boy stepped to the ground, he started around the front end of the bus. Mrs. Rettig was standing on the lower step of the bus. She called to the boy twice warning him not to go in front of the bus. The boy did not heed the warning, but continued on and took a diagonal course across Greenacres. When he reached about the middle of the road, he was struck by the truck. The driver of the truck did not see the boy as he emerged from the front of the bus, but he heard something which sounded like an impact and brought the truck to a stop a short distance beyond the place where the boy had been struck and on the easterly side of Greenacres. The witnesses varied in their testimony as to the speed of the truck at the point of impact, but it ranged from ten to fifteen miles per hour.

The errors assigned are that the court should have directed the jury to have returned a verdict for the plaintiff, but not having done so should have granted the motion for a new trial. The other errors are with reference to the failure of the court to give to the jury certain requested instructions.

Assignments of error one, two, six, and seven will be discussed together, as they raise the question whether Rem. Rev. Stat., Vol. 7A, § 6360-99 [P. P. C. § 295-49] applies to the facts of this case. The parts of the statute referred to are as follows:

"Pedestrians shall be subject to traffic control signals at intersections and the directions of officers discharging the duty of directing traffic at intersections. Where traffic control signals are not in place or in operation, the operator of a vehicle shall yield the right of way, slowing down or stopping, if need be to so yield, to any pedestrian crossing the roadway within a marked crosswalk or within any unmarked crosswalk of any intersection. Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at any intersection to permit a pedestrian to

cross the roadway, the operator of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle. . . . Notwithstanding the provisions of this section, every operator of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise all proper precaution upon observing any children or any confused or incapacitated person upon the roadway."

The appellant claims that the court should have held as a matter of law that the driver of the truck was negligent in that he did not obey the statute in the following particulars: (1) That the boy was a pedestrian crossing the roadway and the driver of the truck did not yield the right of way to him, and (2) that he overtook and passed a vehicle which had stopped at an intersection to permit a pedestrian (the boy in this case) to cross the roadway.

The appellant requested the court to instruct the jury that, if the driver of the truck violated either or both of the foregoing provisions of the statute, he would be guilty of negligence.

The statute gives the right of way to a pedestrian crossing a roadway at an intersection, and requires the operator of a vehicle to yield the right of way to him and, if necessary to do so, such operator must slow down or stop the vehicle. Before this duty arises, the operator must be in a situation whereby he is either aware of the presence of a pedestrian within a crosswalk, or, if he had been exercising reasonable care in looking out for and anticipating the presence of a pedestrian within such crosswalk, he should have become aware of his presence there.

In the case before us, a small boy stepped from a bus, ran around in front of it, and pursued a diagonal course directly in front of the truck traveling in the same direction as the bus had traveled. The jury could have concluded from the evidence that the driver of the truck was not aware of the presence of the boy and could not have become so, as the bus hid him from view and the position of the driver in the cab of the truck prevented sight of the boy after he emerged

from the front of the bus. The status of the boy as a pedestrian had not so come into being that it could have been said the driver of the truck was or should have been aware of his presence on the crosswalk so that the duty arose to yield the right of way to him.

The bus had not stopped at a crosswalk to permit a pedestrian to cross the roadway, but to permit passengers to alight. The evidence indicates the front of the bus was somewhat to the south of and beyond the crosswalk when it stopped. The statute contemplates a situation where a vehicle has stopped at a crosswalk and has yielded the right of way to a pedestrian so that he can pass in front of it and proceed across the roadway. When this occurs, a vehicle approaching from the rear must not pass the stopped vehicle but must also yield the right of way to the pedestrian.

We are of the opinion that the statute did not apply to the situation which confronted the driver of the truck, and that it cannot be held that he was guilty of statutory negligence.

The court appears to have adopted this view, as it refused to give the proposed instructions applying the statute to the evidence, but instructed the jury that it was the duty of the driver of the truck to exercise such care as a reasonably careful and prudent driver would exercise under the circumstances to avoid a collision with or striking the boy, and if he could have avoided the collision by keeping a careful lookout ahead for other users of the highway, then it was his duty to exercise such reasonable care. The jurors were told that if they found, from a preponderance of the evidence, that a reasonably careful and prudent truck driver in the exercise of reasonable care could have avoided a collision with or striking the boy by keeping a reasonably careful lookout ahead for other users of the highway, and that the driver of the truck failed to exercise such care, then the defendant would be guilty of negligence; and if they found such negligence was a proximate cause of the accident, they should find a verdict for the plaintiff. The court further told the jurors that, if they

found from the evidence that, under the circumstances and conditions, a reasonably careful and prudent truck driver exercising reasonable care would have stopped his truck before passing or attempting to pass the front of the bus, then it was the duty of such driver to exercise such reasonable care and to stop the truck, and failure to do so would be negligence on the part of the defendant and the plaintiff would be entitled to a verdict.

It is our opinion that the court properly and correctly instructed the jury on this branch of the case, and that the court was correct in its refusal to hold that the driver of the truck was guilty of negligence as a matter of law, and in submitting the case to the jury upon common-law principles rather than upon requirements of the statute. We think this becomes quite apparent when we compare the facts of this case with the situation before us in *Ross v. Johnson, ante* p. 275, 155 P. (2d) 486. In that case a pedestrian had stepped from the curb and started to cross the street along a crosswalk. The pedestrian had safely passed in front of an automobile in one lane of the highway. The automobile driven by the defendant in a lane to the left of the other automobile had occupied for some distance a position which hid his view of the crosswalk. The driver did not see the pedestrian until he had passed the front of the other automobile and it was then too late to avoid a collision. We decided that the defendant in that case violated the foregoing statute in that he did not yield the right of way to the pedestrian; and it is clear from reading of the opinion that we did so because it was manifest that, had the defendant exercised reasonable care in approaching the crosswalk, in view of all attendant circumstances he would have become aware of the presence of the pedestrian thereon and could have avoided the accident by yielding the right of way to him.

Although the facts bearing on the negligence of the driver of the truck were not in dispute, the trial court was unable to say that reasonable minds could not differ as to the conclusion to be drawn from them, and correctly held it was

for the jury to find and conclude whether, in the exercise of reasonable and ordinary care under the circumstances, the driver of the truck should have stopped it before passing the bus, and what he should reasonably have anticipated or foreseen as to the probability of passengers alighting from the bus and coming around the front of it and crossing the road. The court could not decide these questions as a matter of law, because reasonable minds could well differ as to what the driver of the truck should have anticipated and done under the circumstances.

■ The motion for a new trial was based upon several statutory grounds, but appellant urges in his brief that the undisputed evidence was such that he was entitled to a verdict, and he failed to receive it because the court erroneously refused to adopt and submit his theory of the case to the jury and thus caused the jurors to conclude that the boy was injured as the result of an unavoidable accident. We have concluded that the court submitted the case to the jury on the correct theory, and our review of the evidence convinces us that it was sufficient from a factual standpoint to justify the jury in reaching the conclusion that the driver of the truck exercised reasonable care in approaching and passing the bus, and finding that the unfortunate event was not the result of negligence on his part.

The appellant assigns as error the refusal of the court to give his proposed instruction number one to the effect that, if it appeared from the evidence that the driver of the truck either saw or should have seen the boy approaching and crossing the highway, and after he did so the jury believed that in the exercise of ordinary care he should have slowed down, turned aside, or stopped and thus avoided the accident, then the jury should find a verdict for the plaintiff. One of the charges of negligence in the complaint was that the driver of the truck failed to keep a reasonably careful lookout ahead and thereby failed to observe the child. The court, in its instruction number six, made special reference to this charge of negligence and conveyed substantially the same thought to the jury as was

expressed in the proposed instruction, but in different words and in language we consider more suitable in view of the evidence on the subject.

■ We have decided that a trial judge is not required to give an instruction in the precise language requested, but it is sufficient if the instruction given covers the issue and is as favorable to the proposer as the evidence warrants. We have compared the requested instruction with the one given on the subject and are satisfied it was proper and sufficient.

Assignment of error number four is directed to the question of the measure of damages, but in view of the conclusion we have reached the question of damages does not require discussion.

Assignment of error number five is based upon the refusal of the court to give a requested instruction upon the doctrine of last clear chance.

■ As we view the facts of the case and the inferences necessarily to be drawn from them, it conclusively appears that either the driver of the truck did not see the child before the impact or there was such a brief space of time between when the child could have come within the range of his vision and the happening of the accident that there would not have been an opportunity on the part of the driver of the truck to have acted and hence there would be no room for the application of the doctrine of last clear chance.

The rule has been pronounced that, in order to apply the doctrine of last clear chance, there must be sufficient time between the moment of danger and the happening of an accident as to afford an opportunity for an appreciation of what may happen, and no duty to act arises until a party is put to the hazard of choice by some act of the other party. *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106; *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Hynek v. Seattle,* 7 Wn. (2d) 386, 111 P. (2d) 247; *Colwell v. Nygaard,* 8 Wn. (2d) 462, 112 P. (2d) 838.

In the *Hartley* case, *supra,* appears the following statement, which is quoted in the other cases:

"Last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or the proof of circumstances which will put the one charged to implied notice of the situation."

It is very clear from the record that the boy could not have been seen while he was in front of the bus. There is no evidence tending to show that the driver of the truck saw the boy, and the space of time between when he might have seen him and the happening of the accident was so brief that it would have been impossible for the driver of the truck to have done anything so as to avoid the accident. The trial judge was not in error in refusing to give the proposed instruction.

■    The appellant contends that the court erred in not giving a proposed instruction to the effect that it was the duty of the driver of the truck, when approaching the bus after it had stopped, to have exercised *very great* care in passing it to avoid injury to persons alighting from the bus. We think experience has demonstrated that to divide the amount of care one must exercise into slight, great, very great or similar units of measurement has been confusing, and that the standard of ordinary care under the circumstances surrounding a given situation is the safer guide. In some instances very little care may constitute ordinary care, while in others a very great amount of care may be required. We have adopted the standard of ordinary care in negligence cases and do not feel that we should depart from it at this time.

■    The appellant urges that, because the court did not instruct the jury as to the relative rights of a pedestrian and the operator of a motor vehicle approaching a street intersection as provided by the statute, such failure induced the jury to find that the accident was unavoidable, and that the instruction given upon the subject of unavoidable accident was not proper and apparently misled the jury, and cites *Brewer v. Berner,* 15 Wn. (2d) 644, 131 P. (2d) 940.  In

that case, the court discussed and cited authorities defining "unavoidable accident" and stated when an instruction on the subject was proper. The rule seems to be that, if the accident could not have happened without negligence or contributory negligence, the question of unavoidable accident should not be submitted to the jury. In this case, there were facts and circumstances from which the jury could conclude that, even though the driver of the truck exercised the prudence, foresight, care, and caution which the law required of him under the circumstances, and even though the mother of the boy did likewise, nevertheless the accident happened.

■ Contributory negligence on the part of the child cannot enter into the case because of his immature age and lack of appreciation of danger to protect himself. In view of this situation, it was proper to instruct the jury on the subject of unavoidable accident.

Having reached the conclusion that the question of negligence of the driver of the truck was for the jury to determine, we have found it unnecessary to cite any of the many cases to be found which have considered liability of the driver of a vehicle in situations where children have suddenly darted into a zone of danger. Some of them are cases where the driver of the vehicle was aware of the near presence of the children and their sudden and unexpected action brought them into the danger zone, and others are those where the presence of the children was not known to the driver other than what he might reasonably have anticipated in view of existing conditions. These cases are all so variant in their factual situations that one is not authority for another, but in their final analysis it appears the result in each of them was based upon the question of whether the one causing injury was negligent and if such negligence was the proximate cause thereof. The cases are to be found in the annotations in 65 A. L. R. 192 and 113 A. L. R. 528 under the caption: "child alighting from or coming from behind or around vehicle."

Our review of the whole record convinces us that the

case was fairly and fully presented to the jury, that the jury was correctly instructed on the law applicable, and that its verdict is supported by sufficient evidence.

The judgment is affirmed.

BEALS, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.

