[No. 33237. Department One. October 13, 1955.]

RICHARD V. BURWELL, *Individually and as Guardian ad Litem for Richard H. Burwell, a Minor, Respondent, v. * RUTH L. MOORE, *Appellant.*[1]

[1]Reported in 288 P. (2d) 841.

*Metzler & Ruff,* for appellant.

*Goodwin & Hicks,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment, entered after a jury verdict, in a personal injury case.

The accident occurred at the intersection of north Alder and north 21st streets, in Tacoma. North Alder runs in a northerly and southerly direction, and north 21st street runs easterly and westerly. At the northeast corner of the intersection, on 21st street, is a bus stop. At the northwest corner is Larsen's Grocery. That corner is known as Larsen's Corner. In the center of the intersection there is an overhead traffic light, called a four-way traffic light, which flashes off and on red. There is a traffic stop sign on each corner. Well-defined crosswalks are on each side of the intersection.

On the morning of September 24, 1953, at about eight o'clock, Miss Moore, a schoolteacher, was driving north on Alder on her way to school. With her were four other teachers. The weather was clear, the roadway dry, and the visibility good. She stopped at the south crosswalk, looked to the right and to the left, and did not see any cars. She noticed two cars a block or two distant headed south on Alder. She saw the bus across the street. It was stopped and headed west. She noticed many children on both corners. A large number of them were getting on the bus. She had driven this route for years and was acquainted with the fact that the bus hauled school children at that hour of the morning.

She started across the street in low gear and shifted to second while under the stop light. At that time, there were no children in the crosswalk ahead.

Just as she got to the crosswalk, she heard someone exclaim and saw Richard Burwell, an eight year old boy,

darting toward the car. She put on her brakes, but the boy was struck and thrown under the front of the car. The impact occurred between the left front light and the radiator ornament of the car. The boy was not too seriously injured. The plaintiff sued for judgment in the sum of $2,245 and was awarded $2,094.25 by the jury.

According to the testimony, the boy was running across the street with his head down, and was not looking to the right or to the left. One witness testified that he drove south on Alder; that when he stopped at the crosswalk at Larsen's Corner, Richard was standing on the corner; that he then ran in front of the witness' car and proceeded along the crosswalk in the direction of the bus with his head down.

Richard and his sister were on their way to school that morning, intending to catch the bus. They had taken this route for a couple of years. As they approached Larsen's Corner, they saw the bus coming. When they arrived at the corner, it had stopped across the street and was taking on passengers. The sister had recently hurt her hip while ice skating, and she told Richard to go ahead and to tell the bus driver that she was coming.

The boy's mother was called to the scene, and she told spectators that she had warned him many times to be careful about crossing the street. Richard testified that his mother had told him "most all the time" to look both ways before he crossed the street.

Error is assigned to the trial court's failure to order a directed verdict at the close of the testimony; in giving an instruction; in denying motion for judgment n. o. v. or in the alternative for a new trial; and in entering judgment in the plaintiff's favor.

Appellant contends, first, that there was no substantial proof of any negligent act on her part which proximately caused respondent's injuries, and, second, that respondent child was guilty of contributory negligence as a matter of law.

Appellant relies on *Rettig v. Coca-Cola Bottling Co.*, 22 Wn. (2d) 572, 156 P. (2d) 914, wherein we said:

"The statute gives the right of way to a pedestrian crossing a roadway at an intersection, and requires the operator of a vehicle to yield the right of way to him and, if necessary to do so, such operator must slow down or stop the vehicle. Before this duty arises, the operator must be in a situation whereby he is either aware of the presence of a pedestrian within a crosswalk, or, if he had been exercising reasonable care in looking out for and anticipating the presence of a pedestrian within such crosswalk, he should have become aware of his presence there.

"In the case before us, a small boy stepped from a bus, ran around in front of it, and pursued a diagonal course directly in front of the truck traveling in the same direction as the bus had traveled."

In that case, a bus stopped, and a lady and her two children got off. The defendant's truck was following the bus. When the lady stopped, the truck driver slowed down and then swerved to the left to pass the bus. In the meantime, the boy alighted from the bus ahead of his mother and sister and started around the front of the bus and was hit by the truck. The case was submitted to a jury, and it found for the defendant. Upon appeal, we affirmed. The jury was instructed, as appears from the opinion:

"That it was the duty of the driver of the truck to exercise such care as a reasonably careful and prudent driver would exercise under the circumstances to avoid a collision with or striking the boy, and if he could have avoided the collision by keeping a careful lookout ahead for other users of the highway, then it was his duty to exercise such reasonable care. The jurors were told that if they found, from a preponderance of the evidence, that a reasonably careful and prudent truck driver in the exercise of reasonable care could have avoided a collision with or striking the boy by keeping a reasonably careful lookout ahead for other users of the highway, and that the driver of the truck failed to exercise such care, then the defendant would be guilty of negligence; and if they found such negligence was a proximate cause of the accident, they should find a verdict for the plaintiff. The court further told the jurors that, if they found from the evidence that, under the circumstances and conditions, a reasonably careful and prudent truck driver exercising reasonable care would have stopped his truck before passing or attempting to pass the front of the bus,

then it was the duty of such driver to exercise such reasonable care and to stop the truck, and failure to do so would be negligence on the part of the defendant and the plaintiff would be entitled to a verdict."

Another case relied upon by appellant is *Haydon v. Bay City Fuel Co.*, 167 Wash. 212, 9 P. (2d) 98. There, a small boy darted out from behind a large mailbox and ran across the street directly in front of a truck. The driver had only a fraction of a second to avoid hitting the boy after he saw him. We reversed a judgment in the boy's favor because there was no evidence of negligence on the driver's part.

In the case at bar, appellant contends that the evidence shows that she was free from negligence because she did everything that a reasonably careful and prudent driver could do under the circumstances; that she stopped at the south crosswalk and looked in both directions; that she then proceeded into the intersection in low gear and shifted into second while under the traffic light; and that she did not see the boy or have reason to suspect that he was there until she had no opportunity to avoid hitting him.

However, the evidence before the jury was not limited to those facts. Appellant was a schoolteacher. She had driven this route many times. She saw the bus taking on children. She saw children on both corners. She was acquainted with the fact that the bus hauled school children at that hour of the morning. It was a question of fact for the jury to determine whether or not, under those circumstances, she should have been on the lookout for those children whom she saw on Larsen's Corner and who would perhaps be going across the street to catch the bus.

Furthermore, the court gave instruction No. 14, to which no exception was taken; and which became the law of the case:

"You are instructed that under the provisions of the traffic ordinance of the City of Tacoma, a pedestrian within the boundaries of a marked crosswalk, at the intersection of North 21st Street and North Alder Street, has the right-of-way over vehicles traveling through said intersection.

"In connection herewith, if you find that Richard H. Burwell was crossing North Alder Street, within the boundaries

of the marked crosswalk, at the same time that defendant, Ruth L. Moore, was operating her automobile through the intersection of North Alder Street and North 21st Street, then you are instructed that the defendant, Ruth L. Moore, had a duty to yield the right-of-way to Richard H. Burwell."

We are satisfied that there was sufficient evidence to submit the question of appellant's negligence to the jury.

The trial court properly and adequately instructed the jury concerning contributory negligence. Had the jury found, as a fact, that the plaintiff was guilty of contributory negligence under the evidence, we would not disturb its verdict. But the jury did not so find. The boy did not start across the street until an automobile at his immediate left had come to a complete stop at the crosswalk. As he ran across the street, he stayed within the marked boundaries of the crosswalk. He had the right of way. The jury could have concluded that this boy was not reckless, but that he believed that users of the street would yield the right of way to him. We cannot say, from all of the evidence, that reasonable minds could not differ as to whether or not the boy was guilty of contributory negligence. That issue was a jury question. *Ashley v. Ensley,* 44 Wn. (2d) 74, 265 P. (2d) 829.

Error is also assigned to an instruction given by the court defining the duties of a driver on public streets. A specific exception was made to the instruction in the trial court. However, on appeal appellant urges that the court erred in giving the instruction for an entirely different reason than that contained in the exception given in the trial court. The rule is that an exception to an instruction based upon a specific ground is insufficient to permit the party to predicate error in the instruction based upon entirely different grounds. *Gile v. Nielsen,* 20 Wn. (2d) 1, 145 P. (2d) 288.

The judgment is affirmed.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.