[No. 36929.   Department Two.   July 30, 1964.]

JOHN M. DALEY, *as Administrator, Respondent,* v. WALTER T. STEPHENS *et al., Appellants.** 

*Vernon R. Pearson* (of *Davies, Pearson, Anderson & Pearson*), for appellants.

*Comfort, Dolack & Hansler* (*Patrick C. Comfort,* of counsel), for respondent.

CUSHING, J.†—The respondent (plaintiff), John M. Daley, administrator of the estates of his parents, John J. Daley

*Reported in 394 P. (2d) 801.

---

†Judge Cushing is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

and Ida B. Daley, deceased, brought this action for damages for personal injuries sustained by Ida B. Daley, a pedestrian who, while attempting to traverse an uncontrolled and unmarked crosswalk at a street intersection, was struck and injured by the automobile driven by the appellant (defendant), Mrs. Alvator Stephens. The cause was tried to a jury, which returned a verdict for appellants. The trial court granted a new trial for the reason that an erroneous instruction had been given that prevented respondent from having a fair trial.

Instruction No. 12:

"You are instructed that before the motorist's duty to yield the right of way to a pedestrian crossing at an intersection arises, the operator of the vehicle must be aware of the pedestrian's presence in the crosswalk, or must be in a situation where, with reasonable care, she should be aware of the presence of the pedestrian."

Two questions are presented on appeal: (1) Did the court commit error in granting a new trial based on erroneously giving instruction No. 12? (2) Was the court in error in withdrawing the issue of contributory negligence by giving instruction No. 2?

The statement of facts shows that Mrs. Daley was attempting to cross from the north side to the south side of North 21st street at the intersection of North Junett street in the city of Tacoma. This was an unmarked crosswalk.

The following appears from the statement of facts:

"Q. So that by the time your car collided with her, she had already walked a considerable distance across the street in the crosswalk? A. There is no crosswalk. Q. No marked crosswalk? A. No. . . . Q. Do you know she was in the crosswalk area? A. I would say this. She was at the edge of the crosswalk. I can't explain that too well. I'm not too good with explanations anyway. I would say she was on the outer edge of the crosswalk. Do you understand what I mean when I say outer edge? That would be on my side going. . . ."

Appellants contend that instruction No. 12 was a correct statement of the law and rely on *Rettig v. Coca-Cola*

*Bottling Co.*, 22 Wn. (2d) 572, 156 P. (2d) 914. The court there said, p. 576:

"The statute gives the right of way to a pedestrian crossing a roadway at an intersection, and requires the operator of a vehicle to yield the right of way to him and, if necessary to do so, such operator must slow down or stop the vehicle. Before this duty arises, the operator must be in a situation whereby he is either aware of the presence of a pedestrian within a crosswalk, or, if he had been exercising reasonable care in looking out for and anticipating the presence of a pedestrian within such crosswalk, he should have become aware of his presence there."

Instruction No. 12 was based on the principle announced in the second sentence of the above quotation from the *Rettig* case.

The pertinent rule of the road in this case is RCW 46.60-.250:

"Pedestrians shall be subject to traffic control signals at intersections and the directions of officers discharging the duty of directing traffic at intersections. Where traffic control signals are not in place or not in operation, the operator of a vehicle shall yield the right of way, slowing down or stopping, if need be, to so yield, to any pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. . . ."

In similar language, the ordinance of the city of Tacoma 11.30.030, in effect at the time of the accident, afforded the same statutory right of way to pedestrians. In *Ross v. Johnson*, 22 Wn. (2d) 275, 155 P. (2d) 486, a case of factual similarity, we said, p. 285:

" . . . Such statute or municipal ordinance constitutes a rule of conduct to be observed and obeyed by those using the public highways."

Many of our decisions are assembled in the case of *Portland-Seattle Auto Freight v. Jones*, 15 Wn. (2d) 603, 131 P. (2d) 736, wherein it is said, p. 607:

"Statutes or municipal ordinances prescribing the rules of traffic establish rules of conduct which must be obeyed. They are standards for testing negligence and contributory negligence. The rule in this state is that a violation of those rules constitutes negligence *per se.* . . ."

And in *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331, the court stated, p. 597:

" . . . This court is definitely committed to the rule that 'a thing which is done in violation of positive law is in itself negligence,' in the absence of pleading and proof of such peculiar facts as would tend to justify the violation. . . .

"In consonance with that rule, this court, in common with others, has repeatedly held that, in the absence of evidence of circumstances tending to excuse by making such a course reasonably necessary, a failure to observe the law of the road, resulting in injury, is negligence as a matter of law. . . ."

Further, in Anselmo v. Morsing, 166 Wash. 111, 115, 6 P. (2d) 377, 9 P. (2d) 100, this court approved the following statement made in *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649:

" 'If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing.' . . ."

The concept in *Rettig v. Coca-Cola Bottling Co.,* *supra,* appears to be inconsistent with these cases, and in so far as the language contained in the *Rettig* opinion appears to engraft conditions on the rule of the road giving the right of way to a pedestrian crossing a roadway within a crosswalk, we hold such statement of the law inapplicable to an uncontrolled and unmarked crosswalk case. It necessarily follows that RCW 46.60.250 makes it negligence as a matter of law for a driver to fail to yield the right of way to a pedestrian in an uncontrolled and unmarked crosswalk, in the absence of evidence of unusual circumstances.

In view of the above, the trial court was correct in granting a new trial and the order is affirmed.

Error is next assigned to the failure of the trial court to instruct on contributory negligence. However, this alleged

error was in no event prejudicial, since the jury found for the appellants.

In view of our disposition of this case, affirming the trial court's decision to grant a new trial, we leave the conduct of this subsequent trial, and the consideration and rejection of issues and construction, to the sound discretion of the trial judge.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.