[No. 8841–6–I.   Division One.   April 5, 1982.]

JACQUENETTA L. WINDLE, *Appellant,* v. HARVEY
M. HUSON, JR., ET AL, *Respondents.*

*Paul Luvera, Jr.,* for appellant.

*Anderson, Hunter, Dewell, Baker & Collins* and *H. Scott
Holte,* for respondents.

CALLOW, J.—Jacquenetta Windle appeals a jury verdict
finding Harvey Huson, Jr., not liable for the injuries she
suffered after being struck by Huson's automobile at or

near a crosswalk in Everett. Windle contends (1) that the trial court erred in failing to find Huson negligent as a matter of law and (2) that she was prevented from arguing her theory of the case by the court's refusal to instruct the jury on the general law on vehicle speed at intersections.

This auto–pedestrian accident occurred on November 22, 1978, at about 3:19 p.m., at the intersection of Colby Avenue and 26th Street in Everett. Colby Avenue is a 4–lane, 2–way arterial which runs north and south. The pedestrian, Jacquenetta Windle, began to cross Colby Avenue from the southwest corner. Traffic along Colby Avenue was heavy in both directions and Windle hurried across during a break in traffic. The automobile, driven by Harvey Huson, Jr., was traveling west on 26th Street and stopped at the Colby Avenue intersection. Huson had completed a left–hand turn onto Colby Avenue when he struck Windle, who witnesses testified had begun jogging across the intersection. There were no marked crosswalks and the witnesses differed in their observations of whether Windle had begun to cross from the corner or from a point along Colby Avenue 30 or 40 feet from the corner. Several witnesses testified that Huson was through the intersection before he struck Windle.

Windle commenced action against Huson, which was tried to a jury. The trial court refused to find Huson negligent as a matter of law, leaving the question of due care or negligence to the jury. The trial court also refused to give the following proposed instruction:

A statute provides that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. The driver shall so control speed as may be necessary to avoid colliding with others who are complying with the law and using reasonable care.

The statute provides that a driver shall drive at an appropriate reduced speed when approaching and crossing an intersection and when special hazard exists with respect to pedestrians.

The maximum statutory speed limit at the place here involved was 30 miles per hour.

The rejected instruction would have related to another instruction providing that the violation of a statute is negligence as a matter of law. The trial court found the evidence insufficient to justify giving the instruction.

One of the witnesses to the accident, JoAnne Gainsford, was subpoenaed by the plaintiff to appear and testify, but was not present in court during the trial. Plaintiff's counsel argued that the defendant's attorney had spoken with Gainsford earlier and advised her not to appear in court, thus making her hostile to the plaintiff's case. The trial court rejected the argument and ordered Gainsford to appear as a witness for the plaintiff, which she did. During direct examination, the plaintiff repeatedly attempted to question Gainsford about her refusal to appear and about her conversation with the defendant's counsel. The trial court sustained the defendant's objection to those questions, and agreed to give the following jury instruction:

Any party, his attorney or his representative has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked with any attorney, a party, or party's representative, and told him what his testimony would be does not, of itself, reflect adversely on the testimony of the witness.

Windle timely objected to the giving of that instruction as well as to the trial court's failure to instruct the jury on the general speed statutes and on negligence as a matter of law. The jury returned a verdict in favor of the defendant and a judgment of dismissal was entered.

Windle first contends that the trial court erred in failing to find Huson negligent as a matter of law. She asserts that the defendant had a clear, unobstructed view as she crossed the street within the crosswalk, and that he either saw or should have seen her, constituting negligence as a matter of law.

■ The failure to yield the right of way to a pedestrian

lawfully in a crosswalk is negligence as a matter of law if the pedestrian was seen or should have been seen by the driver. *Oberlander v. Cox,* 75 Wn.2d 189, 449 P.2d 388 (1969). A directed verdict on that issue, however, is appropriate only where the facts are undisputed and only one reasonable inference can be drawn therefrom. *Van Cleve v. Betts,* 16 Wn. App. 748, 559 P.2d 1006 (1977). Numerous facts are disputed in this case. Harvey Huson testified that he looked at the crosswalk several times and never saw Windle crossing the street. Eyewitnesses to the accident viewed the incident from different vantage points and their observations are not indisputable evidence that Huson had a clear view. The evidence was also contradictory on the major factual issue in the case, to wit: was Windle within the unmarked crosswalk when Huson struck her, or had she just emerged from between parked cars a number of feet outside of the crosswalk?

In denying the plaintiff's motion for a new trial, the trial court made these observations:

> The evidence, and reasonable inferences therefrom, gives rise to numerous questions of fact upon which reasonable minds could differ. For instance, at what point did the plaintiff arrive at a position where the defendant should have observed her and was the position of the defendant at that point such that the duty to yield was upon the plaintiff not the defendant. The physical facts, such as the position of the defendant's car, point of impact on the street, and the point of impact on the car of the defendant all give rise to important fact questions in regard to plaintiff's activity just prior to the accident. The question of defendant's negligence was properly submitted to the jury. He was not negligent as a matter of law.

We agree that the issue was a jury question and they were correctly instructed on the law. There was no error.

Windle also argues that she was prevented from arguing her theory of the case by the trial court's refusal to instruct the jury on the general law as to vehicle speed at intersections. One of her theories of recovery was excessive vehicle

speed under the circumstances. By refusing to instruct the jury that drivers are statutorily required to drive at a speed no greater than is reasonable or prudent under the prevailing conditions, and that the speed limit on the street in question was 30 miles per hour, Windle contends that the trial court prevented her from presenting this theory to the jury despite evidence in its support.

■ A speed instruction is properly refused when (1) excessive speed was not a proximate cause of the accident, or (2) a conclusion that speed was unreasonable would amount to speculation and conjecture. *Grobe v. Valley Garbage Serv., Inc.,* 87 Wn.2d 217, 551 P.2d 748 (1976). If vehicle speed is not a contributing factor to the accident, liability cannot be based thereon. Similarly, where there is no substantial evidence. that speed was excessive or unrea-. sonable under existing conditions, a speed instruction is properly refused. The failure to maintain a proper lookout is irrelevant to whether the rate of speed was reasonable. *Grobe v. Valley Garbage Serv., Inc., supra.*

In the present case, the evidence demonstrates that the defendant was accelerating onto Colby Avenue from 26th Street after stopping to check traffic. No eyewitness testified that the car was speeding or accelerating unreasonably. The plaintiff recalled on the stand that the car was "roaring." The defendant explained that the car was in first gear, which caused the motor to race, but that the car was not going fast when it struck the plaintiff. The trial court expressly found that there was insubstantial evidence of unreasonable speed which would justify giving the instruction. It held that there was no evidence tending to demonstrate that the speed of Huson's vehicle contributed to the accident. The court's analysis was correct. The issues at trial supported by substantial evidence include the position of the plaintiff at the time of the accident, and whether or not the defendant maintained a proper lookout for pedestrians in the roadway. The jury was properly instructed as to those theories, and there was no error in denying the proposed speed instruction.

Finally, Windle argues that the trial court erred in refusing to permit her to show the bias and hostility of eyewitness JoAnne Gainsford, and in instructing the jury not to discredit the testimony of witnesses merely because they have spoken with one of the litigants or their attorneys.

The record demonstrates that the eyewitness' failure to appear was largely accidental and caused by her misunderstanding of the legal effect of the plaintiff's subpoena and her agreement with the plaintiff to appear on 2 hours' notice in return for not being required to sit through the entire trial. The plaintiff had already rested without calling Gainsford, and counsel for the defendant indicated to Gainsford that he would not call her to testify. Gainsford had presumed she would not be needed, but appeared promptly when requested to do so by the trial court. The court refused to permit the plaintiff to examine Gainsford about her refusal to attend. It permitted questioning which established that Gainsford had spoken with the defendant's attorney, but did not allow further questioning which would raise an inference of hostility to the plaintiff. To eliminate any such inference in the jurors' minds, the court gave the corrective instruction.

The corrective instruction followed WPI 2.06 and is not a comment on the credibility of the eyewitness. It is neither favorable nor unfavorable to any party or witness, and serves to mitigate any harm caused by inappropriate questioning and argument to the court before the jury about a witness' alleged hostility. The official comment to WPI 2.06 indicates that it should be used only in those instances where the court fears that jurors may be misled as to the propriety of an interview. This was such a situation.

The judgment is affirmed.

JAMES and CORBETT, JJ., concur.

Reconsideration denied May 19, 1982.

Review denied by Supreme Court July 16, 1982.