[No. 28490.   Department Two.   October 15, 1941.]

EMMA L. FARROW, *Respondent*, v. CAMERON W. OSTROM
*et al., Appellants.*[1]

'Reported in 117 P. (2d) 963.

*Shank, Belt, Rode & Cook,* for appellants.
*Wright & Wright,* for respondent.

BLAKE, J.—Plaintiff brought this action to recover damages for injuries sustained when she was struck by an automobile driven by defendant Cameron W. Ostrom. From a judgment entered on the verdict of a jury in favor of plaintiff, defendants appeal.

The sole question to be determined is whether respondent was guilty of contributory negligence as a matter of law. In approaching the question, there are several fundamental rules to be observed. Contributory negligence is an affirmative defense, the burden of proving which is on the defendant; and only in rare instances is the court warranted in withdrawing the issue from the jury. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799. The questions of negligence and contributory negligence are usually so intimately related that the latter cannot be determined without reference to the former. *Hines v. Chicago, M. & St. P. R. Co.,* 105 Wash. 178, 177 Pac. 795. There is no more justification for the court to hold a plaintiff guilty of contributory negligence as a matter of law than there is to hold a defendant guilty of negligence as a matter of law. *Richmond v. Tacoma Railway & Power Co.,* 67 Wash. 444, 122 Pac. 351. In all cases, the

". . . victim of an accident is entitled to have his conduct judged by the circumstances surrounding him at the time of the accident—by the conditions as

they appeared to one in his then situation—and if his conduct when so judged appears to be that of a reasonably prudent person, he cannot be said to be guilty of negligence." *Hull v. Seattle, Renton & Southern R. Co.,* 60 Wash. 162, 167, 110 Pac. 804.

When contributory negligence is urged as a matter of law, the question is to be determined in the light of the evidence most favorable to plaintiff. *Weinman v. Puget Sound Power & Light Co.,* 175 Wash. 73, 26 P. (2d) 395.

The accident out of which the present action arose occurred in the north pedestrian lane of Marion street at the intersection of Twenty-third avenue, in the city of Seattle. There was, at the time, a double track street railway on Twenty-third avenue. The respondent was walking westerly on Marion street, within the sidewalk lines (extended), and the appellant was coming from the north along the westerly streetcar *track* at a rate of twenty-five miles an hour. Parenthetically, we should probably state that appellant insists that he was traveling "astraddle of the westerly rail." But we think that, under the evidence, the jury may well have found that he was proceeding along the *track.* As we proceed, the importance of this issue of fact will appear. Appellant did not sound his horn as he approached the crosswalk.

When respondent arrived at the northeast corner of the intersection, a funeral procession was stalled on Twenty-third avenue. The procession was headed north. One car had stopped just north of the crosswalk. The car following it stopped just to the south, leaving the crosswalk clear for pedestrian traffic. Before stepping from the curb, respondent looked to the north and south. She then started to cross the street, but went back to the curb. Again she started across and again turned back. She started a third time and continued until she was struck—when she

had taken ". . . about one step from behind this car [the car that was standing just to the north of the crosswalk]."

The burden of appellants' argument is that respondent emerged "from behind this car" and stepped into a zone of danger without looking. They seek to invoke the well-established rule that one who is struck when stepping from behind a parked car or other obstruction into the path of vehicular traffic without looking, is guilty of contributory negligence as a matter of law. The rule is applied in the following cases cited by appellants: *Harder v. Matthews,* 67 Wash. 487, 121 Pac. 983; *Deets v. Tacoma Railway & Power Co.,* 128 Wash. 210, 222 Pac. 480; *Hooper v. Corliss,* 146 Wash. 50, 261 Pac. 645; *Gottstein v. Daly,* 166 Wash. 582, 7 P. (2d) 610; *Hamblet v. Soderburg,* 189 Wash. 449, 65 P. (2d) 1267; *Davis v. Pinkerton,* 199 Wash. 579, 92 P. (2d) 706.

In only one of these cases is there a possible inference that the rule is applicable where the pedestrian is injured by an automobile while on the crosswalk at a street intersection. That is in the *Soderburg* case. There, the pedestrian, without looking *at any time,* ran out from the curb in front of a parked bus into the path of an *oncoming car.* The court said:

"Present day traffic upon our streets and highways is of such a nature that the duty of reasonable care, which rests upon all, requires, in almost any conceivable situation, a fairly efficient attempt at observation before a pedestrian steps into the path of vehicular traffic.

"Where, as here, *no attempt at observation is made* and especially where one steps out from behind an obscuring object, the pedestrian is guilty of negligence as a matter of law." (Italics ours.)

■ ■ Of course, a pedestrian is chargeable with contributory negligence as a matter of law when, with-

out looking, he steps from the curb into the path of an oncoming car either at an intersection or in the middle of the block. And he will not be heard to say he looked and did not see a car that was in plain sight. *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784; *Estill v. Berry,* 193 Wash. 10, 74 P. (2d) 482. But the evidence in this case does not bring respondent within those rules. Rather, she comes within the rule that, where a pedestrian looks before leaving the curb and no vehicle appears to be within striking distance, it is for the jury to pass upon the issue of contributory negligence. *Olsen v. Peerless Laundry,* 111 Wash. 660, 665, 191 Pac. 756. What the court said in that case is very pertinent here:

"We have, time and again, said that one must, before undertaking to cross a street, look for approaching vehicles, but whether, after so doing and while making the crossing, he must again look or continue to look, depends on many circumstances and conditions; such as the amount of traffic; the probability of there being approaching vehicles; whether the statutes or ordinances give him the right of way; whether other objects or things have attracted his attention. Manifestly this is a question for the jury."

Respondent had the right of way. The duty of continuous observation was on appellant. *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771. Speaking of the respective rights of the pedestrian and the automobile driver, the court, in *Lewis v. Seattle Taxicab Co.,* 72 Wash. 320, 323, 130 Pac. 341, said:

"The driver . . . has freedom of choice as to the part of the street he will drive them upon; they can be turned quickly to one side or the other, and are capable of easy control otherwise. As to these, therefore, the footman may rely on the presumption that, so long as he occupies one place or pursues a given course, he need not be run into, and to fail to keep a lookout for the approach of such vehicles is not necessarily want

of care. The degree of care required of such a person of course varies with the circumstances. It depends largely upon place and upon the condition of the street; whether the street is crowded with traffic or comparatively free therefrom; whether he enters the street at a place usually used by travelers on foot, and perhaps on many other conditions, but the degree of care required is ordinary care under the circumstances, *and this as we say may be vastly different from ordinary care with reference to crossing fixed tracks upon which railway or street cars are operated."* (Italics ours.)

(In passing, it will be observed that the italicized clause in the quotation differentiates this case from such cases as *Deets v. Tacoma Railway & Power Co., supra,* where the pedestrian is struck by a street car.)

Ostrom chose to drive in unnecessarily close proximity to the cars in the funeral procession. While this did not constitute negligence on his part, it is an important factor in the situation bearing upon the issue of contributory negligence—particularly in light of evidence that he did not sound his horn as he approached the crosswalk. Respondent, under the circumstances, was justified in assuming that an automobile driver, in performing his duty of continuous observation, would anticipate that pedestrians might be attempting to cross Twenty-third avenue between the cars of the funeral procession, and would govern himself accordingly. Respondent testified, "I saw him coming but he came so swiftly." She tried to step back, but was unable to get out of the way.

Viewing the evidence in the light most favorable to respondent, we think it was for the jury to say whether she was guilty of contributory negligence.

Judgment affirmed.

ROBINSON, C. J., BEALS, and SIMPSON, JJ., concur.

JEFFERS, J., concurs in the result.