[No. 39668.    Department One.    November 15, 1968.]

FRANK IWATA, *Appellant,* v. DARRELL EDWARD CHAMPINE
*et al., Respondents.**

*Rutherford, Kargianis & Austin,* by *Samuel C. Rutherford,* for appellant.

*Hugh R. McGough,* for respondents.

ROSELLINI, J.—The trial court sustained a challenge to the sufficiency of the plaintiff's evidence and dismissed this personal injury action, finding the plaintiff guilty of contributory negligence as a matter of law.

On appeal the plaintiff argues that the jury could have inferred negligence on the part of the defendant in failing to see the plaintiff, who was a pedestrian in a marked crosswalk, in time to avoid the accident. The defendant's negligence, of course, is immaterial if the trial court correctly ruled that the plaintiff was himself guilty of negligence which barred his recovery.

*Reported in 447 P.2d 175.

The plaintiff's evidence showed that the plaintiff's head struck the upper right-hand corner of the defendant's windshield, shattering the windshield and resulting in a severe skull fracture and brain damage to the plaintiff. The radio aerial on the defendant's automobile was broken and there was a small dent in the fender a few inches in front of the aerial. There was no damage to the front of the defendant's vehicle and no injuries other than bruises to the lower part of the plaintiff's body.

Officers who examined the scene of the accident shortly after it occurred established the point of impact approximately 3 feet from the edge of the traveled portion of the street (there was no curb) and within the marked crosswalk.

The defendant stated that he was proceeding north on Alaskan Way in Seattle at 7:30 in the morning on the day of the accident, in fairly heavy traffic, at a speed of about 25 miles per hour (the maximum permissible speed was 30 miles per hour), and did not see the plaintiff until a moment before he ran into the side of the defendant's car in the north crosswalk of the intersection of Alaskan Way, an arterial, and Wall Street.

He applied his brakes and may have swerved slightly to the left, but did not stop immediately at the scene. Instead he drove off to the right side of the street looking for a place to park out of the way of traffic. He then backed up and parked a short distance north of the crosswalk.

The plaintiff was unable to testify at the trial concerning the accident, having lost his memory completely as a result of his injuries. The only reasonable inference from the evidence, however, was that he had been walking or running along the north edge of Wall Street in an area marked for pedestrians on his way to work at the Edgewater Inn, which is on the west side of Alaskan Way at the foot of Wall Street, and that, when he entered the crosswalk on Alaskan Way, he ran or walked into the side of the defendant's car.

The applicable provision of the Traffic Code of the City of Seattle is substantially the same as RCW 46.61.235 (formerly RCW 46.60.250) which provides in pertinent part:

(1) When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.

(2) No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

While conceding that there was evidence that he violated subsection (2) of this provision, the plaintiff contends that the court erred in taking the case from the jury, maintaining that, if the evidence is construed in his favor, it provides room for an inference that he had gained the right of way before the plaintiff's automobile reached the crosswalk.

■ We have said that a pedestrian who walks or runs into the side of a car, the front of which has passed him, is guilty of contributory negligence as a matter of law. *Estill v. Berry*, 193 Wash. 10, 74 P.2d 482 (1937). This is the general rule. 2A D. Blashfield, Cyclopedia of Automobile Law and Practice, § 1420 (perm ed. 1951).

In this case the plaintiff had proceeded only 3 feet into the traveled portion of Alaskan Way. It cannot be doubted that he stepped from a place of safety into the path of an approaching vehicle which was so close that it was impossible for the driver to yield the right of way.

The plaintiff suggests, however, that the jury might have inferred that he was not proceeding into the crosswalk from the right but had come from the left side and was jumping out of the way when he came in contact with the defendant's vehicle. He does not explain how this theory can be reconciled with the physical facts of the damage to

the right side of the defendant's automobile and the absence of injuries to the plaintiff's legs or body.

It is impossible for this court to conceive how the plaintiff could have received his injuries or caused the damage to the defendant's car in any kind of contact other than that which was described by the defendant.

■ The plaintiff also advances a suggestion that the jury could have found he had been in the crosswalk for 30 feet before he reached Alaskan Way and that therefore he had gained the right of way and had the right to assume that the defendant would stop for him. This theory is grounded on the fact that the white line which marked the crosswalk on Alaskan Way extended 30 feet east beyond the intersection. This extension of the white line was obviously for the purpose of marking a sidewalk area for pedestrians on Wall Street, since there was no curb on that street. The fact that it was an extension of the line marking the crosswalk on Alaskan Way did not convert this sidewalk area into a crosswalk, and particularly not a crosswalk on Alaskan Way.

■ A driver of an automobile is not bound to anticipate that pedestrians approaching from a side street will not stop and look before attempting to cross an intersection. The defendant said that he did not see the plaintiff approaching along Wall Street; but if he had seen him, he would have been entitled to assume that the plaintiff would obey the law and would not step into the path of his approaching vehicle at a time when it was too late for him to yield the right of way, or run into the side of the vehicle as the plaintiff did in this case.

The plaintiff's evidence in this case supports only one reasonable inference, and that is that he ran or stepped from a place of safety into the side of the defendant's vehicle. That being the case, the court correctly held that he was guilty of contributory negligence as a matter of law.

848

The judgment is affirmed.

WEAVER, HALE, and McGOVERN, JJ., and OTT, J. Pro Tem., concur.