[No. 39466.    Department One.    January 10, 1969.]

LLOYD JUNG et al., *Respondents,* v. JOSEPH O. YORK et al.,
*Appellants.*\*

\*Reported in 449 P.2d 409.

196

*Wendell L. Beuck,* for appellants.

*Gordon R. Tobin* (of *Bianchi & Tobin*), for respondents.

ROSELLINI, J.—In this action for damages for injuries to a pedestrian, the trial court ruled that the accident was caused solely by the negligence of the defendant and refused to submit to the jury the question of possible contributory negligence on the part of the plaintiff. Error is assigned to this ruling.

The evidence shows that the plaintiff, with two small children, one holding the plaintiff's hand and the other walking in front of her, entered a marked crosswalk on California Avenue S.W. where that arterial intersects with S.W. Edmunds in the city of Seattle; that at least one automobile in the outside northbound lane stopped to allow her to pass; and that, as she proceeded across the inside northbound lane, she was struck by the defendant's automobile. The defendant husband who was operating the automobile and who will be referred to as the defendant, said that he did not see the plaintiff and that he did not become aware that a car in the outside lane had stopped until it was too late for him to stop before entering the crosswalk. He applied his brakes but could not avoid hitting the plaintiff. She was struck by the center of the front of his vehicle, which was brought to a halt at that instant.

The defendant driver asserts that he did not see the plaintiff in the crosswalk until it was too late for him to stop, but he contends that she should have seen him. He concedes, however, that the view which each had of the other was obstructed by the car which had stopped to allow the plaintiff to exercise her right of way. He further maintains that the plaintiff should have been warned by the sound of his brakes being applied, and that the jury could have found that, in failing to react instantly and jump out of the way, she was guilty of contributory negligence.

The evidence showed that the plaintiff did react to the "squealing" of the brakes by pulling her child out of the way. She was struck immediately thereafter.

The Traffic Code of the City of Seattle provides:

21.20.440 Whenever any vehicle is stopped at a marked crosswalk . . . at an intersection to permit a pedestrian to cross the roadway, the operator of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.

21.14.040 Where traffic control signals are not in place or not in operation, the operator of a vehicle shall yield the right-of-way, slowing down or stopping, if need be, to so yield, to any pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, . . . .

■ It is the obvious import of these provisions that the defendant had the duty to stop his vehicle when he saw another vehicle in an adjoining lane, stopped at the crosswalk, whether or not he was able to see the pedestrian. His violation of the ordinance was negligence per se. We find no merit in his contention that the plaintiff should have been warned by the screeching of his brakes. Since she was struck by the center of the front of his vehicle, and there was no evidence that she ran in front of it, it is obvious that she did not have time to react and avoid the accident after the defendant applied his brakes.

■ The defendant is undoubtedly correct in asserting that, if the plaintiff had stopped at the edge of the outside lane and had looked to the south before entering the inside lane, she could have seen him approaching. He said that he was traveling at a speed of from 15 to 20 miles per hour. If this was so and if the plaintiff had seen him approaching at that speed, she might well have been justified in assuming that he would stop to allow her to proceed. (See *Jerdal v. Sinclair*, 54 Wn.2d 565, 342 P.2d 585 (1959). Here the evidence was in conflict and we said the jury could find the pedestrian justified in assuming the right of way would be yielded.) But whether or not she could have avoided the accident by stopping one quarter of the way across the intersection and looking, it cannot be held that she had a duty to do so or that the jury would be justified in finding on the evidence in the record that she was negligent if she failed to do so.

In *Johnson v. Johnson*, 85 Wash. 18, 25-26, 147 Pac. 649 (1915), we said:

> If a pedestrian must exercise the same care of continuous observation at the crossings as in the middle of the block, in order to avoid the charge of contributory negligence when run down by a speeding automobile without sounding a warning, then he has no right of way, but enters upon any part of the street at his own peril. If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing, just as the necessity of the case puts the same higher degree of care upon the pedestrian at other places than at crossings.

The second sentence in this quotation was approved by this court in *Anselmo v. Morsing*, 166 Wash. 111, 6 P.2d 377, 9 P.2d 100 (1931), and most recently in *Daley v. Stephens*, 64 Wn.2d 806, 394 P.2d 801 (1964).

A corollary of this rule is that the pedestrian rightfully in a crosswalk has the right to assume that operators of approaching vehicles will obey the law and yield the right of way until he knows or should know to the contrary. *Jerdal v. Sinclair, supra*; *Beck v. Dye*, 200 Wash. 1, 92 P. 2d 1113, 127 A.L.R. 1022 (1939); 2A Blashfield, Cyclopedia of Automobile Law & Practice, § 1432, at 315, 317 (perm ed. 1951).

A pedestrian cannot at one and the same time have a right to assume that the right of way will be yielded and a duty to look to make sure that it is. In the absence of circumstances which would alert the pedestrian rightfully in the crosswalk to the fact that an approaching vehicle is not going to yield, negligence cannot be predicated on his failure to look and see the vehicle in time to avoid the accident.

■ The ordinance requiring an approaching vehicle to stop when a vehicle ahead of it has stopped for pedestrians was obviously designed to protect the pedestrian whose view is obstructed by a vehicle which has stopped to let him pass. If this provision does not relieve him of the

necessity of stopping and looking before proceeding into the adjoining lane, it serves no purpose.

We are aware of cases in which we have held that a pedestrian passing in front of a parked bus must ascertain that the way is clear before proceeding in the path of approaching traffic. *Rettig v. Coca-Cola Bottling Co.,* 22 Wn.2d 572, 156 P.2d 914 (1945), and *Hamblet v. Soderburg,* 189 Wash. 449, 65 P.2d 1267 (1937), are cases of this kind. In those cases, the bus had not stopped to allow pedestrians to pass, but rather to discharge and take on passengers; and in *Rettig v. Coca-Cola Bottling Co., supra,* this court expressly held that the statute (then Rem. Rev. Stat. Vol. 7A, § 6360-99, now RCW 46.61.235(4)), which is substantially the same as section 21.20.440 of the Traffic Code of the City of Seattle, did not apply.

■ The defendant urges that the jury could find that the plaintiff stepped "from a place of safety" into the path of oncoming traffic, the "place of safety" being the area of the crosswalk in front of the vehicle which had stopped to allow her to pass. The statute, RCW 46.61.235, provides in subsection (2)

No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

When the statute refers to a "curb or other place of safety," it obviously means a place out of the lanes of traffic.

There was no evidence in this case to support an inference that the plaintiff darted suddenly from the curb in front of approaching traffic. The occupants of the car which stopped to let her pass testified to the contrary and the fact that the vehicle was able to stop in time to avoid hitting her is proof that she did not suddenly leave the safety of the curb, making it impossible for approaching vehicles to yield the right of way. The presence of the stopped vehicle was notice to vehicles behind it that a pedestrian was in the crosswalk. There was time for an approaching vehicle to stop and yield the right of way if the driver was proceeding at a lawful rate of speed and observing traffic ahead of

him. We find no merit in the defendant's contention that there was evidence to support a finding that the plaintiff violated subsection (2) of RCW 46.61.235.

There being no evidence of circumstances in this case which would have alerted the plaintiff to the fact that an approaching vehicle was going to fail to yield the right of way in time for her to avoid the accident, the trial court correctly held that she was entitled as a matter of law to assume that the right of way would be yielded and had no duty to stop and look before proceeding into the second lane of traffic.

The judgment is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and RYAN, J. Pro Tem., concur.