[No. 38-40265-1.    Division One.    January 12, 1970.]
Panel 1

FRANK LEO CAKOWSKI, *Respondent*, v. RAYMOND M. OLESON *et al., Appellants.*

*Murray, Dunham & Waitt* and *Wayne Murray,* for appellants.

*Paul J. Fisher* and *Lowell K. Halverson,* for respondent.

FARRIS, J.—Plaintiff brought this action to recover damages for injuries sustained when he was struck by a bus owned by defendant Greyhound Lines, Inc., and driven by defendant Raymond M. Oleson. From a judgment entered on the verdict of the jury, defendants appeal.

The questions to be determined are whether the plaintiff was guilty of contributory negligence as a matter of law

and whether the jury was properly instructed in the law of the case.

The accident out of which this action arose occurred at the intersection of South 14th and Pacific Avenue in Tacoma. The bus was preparing to turn on to Pacific Avenue from South 14th at a point where South 14th intersects Pacific Avenue to form a T intersection. The plaintiff intended to cross Pacific Avenue from east to west; the bus was on his right side on South 14th. Both were waiting at the intersection until the signal turned green for the bus and "WALK" for the plaintiff.

Without looking right or left, the plaintiff headed across the street in the crosswalk. The bus driver turned the bus to the left. They collided within the crosswalk in the center of Pacific Avenue. Prior to the collision neither party had seen the other. The defendants urge that the plaintiff was contributorially negligent as a matter of law.

■ ■ Contributory negligence is an affirmative defense; the burden of proof is on the defendant, and the court is seldom justified in removing the issue from the jury. *McQuillan v. Seattle,* 10 Wash. 464, 38 P. 1119 (1895); *Hadley v. Simpson,* 9 Wn.2d 541, 115 P.2d 675 (1941). When an affirmative defense is urged as a matter of law, the question must be determined in light of the evidence most favorable to the plaintiff. See *Gordon v. Deer Park School Dist. 414,* 71 Wn.2d 119, 426 P.2d 824 (1967); *Trudeau v. Haubrick,* 65 Wn.2d 286, 396 P.2d 805 (1964); *Farrow v. Ostrom,* 10 Wn.2d 666, 117 P.2d 963 (1941).

When viewed most favorably to the plaintiff, the essential facts are that (1) he left the curb as the signal changed without looking to the right or left, relying on his peripheral vision; (2) he walked through the intersection without looking to the right or left; (3) he was struck from the side and the rear by the extreme left front of the turning bus. The burden of appellant's argument is that these facts constitute contributory negligence as a matter of law.

In *Beireis v. Leslie*, 35 Wn.2d 554, 560, 214 P.2d 194 (1950) the Supreme Court stated the rule that:

A marked crosswalk is not a sanctuary into which a pedestrian may rush and thereby be absolved from any negligence.

And in *Farrow v. Ostrom*, 10 Wn.2d 666, 669, 117 P.2d 963 (1941) the Supreme Court said:

Of course, a pedestrian is chargeable with contributory negligence as a matter of law when, without looking, he steps from the curb into the path of an oncoming car either at an intersection or in the middle of the block. And he will not be heard to say he looked and did not see a car that was in plain sight. *Silverstein v. Adams*, 134 Wash. 430, 235 Pac. 784; *Estill v. Berry*, 193 Wash. 10, 74 P. (2d) 482.

The court in *Beireis*, 35 Wn.2d at 562, discussed the decision in *Farrow* and elaborated on the law:

We there pointed out the distinction between cases where the pedestrian had not looked before leaving the curb and where he had looked but no vehicle appeared to be within striking distance. In the former, the pedestrian may be guilty of contributory negligence as a matter of law; in the latter, whether he should have looked again is always a question of fact for the jury.

In the present case, the jury could conclude from the evidence that had he looked to his right, at best, he would have only seen the bus at rest at a traffic signal at least a crosswalk's width behind him at the time the light changed in his favor. This is not the situation where the pedestrian, without looking, steps into the path of an oncoming car. *Hamblet v. Soderburg*, 189 Wash. 449, 65 P.2d 1267 (1937). There was no vehicle that appeared to be within striking distance when the plaintiff left the curb. The question of contributory negligence was properly submitted to the jury.

■ Once the pedestrian has entered the crosswalk and established his course, the failure to keep a lookout is not necessarily negligence. *Lewis v. Seattle Taxicab Co.*, 72 Wash. 320, 130 P. 341 (1913). It is for the jury to consider all the facts and circumstances in deciding whether ordinary

care was exercised by the plaintiff as he crossed the street.

The final question is whether the jury was properly instructed. The defendants offered four instructions[1] dealing with the duty of a pedestrian in a crosswalk, the specific duty of this plaintiff and the fact that one with a duty to look is negligent if he fails to see what was there to be seen. The court rejected his instructions.

The trial court gave the following instructions on the issue:

One is charged with the duty of seeing that which he would have seen had he been exercising ordinary care.

Instruction 5.

A statute provides:

(1) That the driver of a vehicle shall yield the right of way, slowing down or stopping if necessary, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or approaching so closely from the opposite half of the roadway as to be in danger.

---

[1] "(8) You are instructed that when a person testifies that he looked and did not see an object, which plainly he could have seen, then he will not be heard to say that he looked and did not see. In other words, the situation is the same as though he had looked and seen the object.

"(15) You are instructed that while the law gives the pedestrian the right-of-way at crosswalks, it does not give a pedestrian the exclusive right-of-way, and every pedestrian must use reasonable care and caution in exercising that right-of-way to protect himself from danger.

"(16) You are instructed that if you find by a fair preponderance of the evidence that the plaintiff, failed to exercise due care for his own safety and failed to see the Greyhound bus and walked into or against the side of the bus, then the plaintiff was guilty of negligence as a matter of law and your verdict shall be for the defendants.

"(17) You are instructed that a person may not say that he looked and did not see that which he must have seen had he looked. The situation is the same as if he had looked and seen the object. I charge you, therefore, that if the plaintiff saw the approaching bus of the defendant, or in the exercise of reasonable care should have seen it, had he looked as he crossed the street, in time to have avoided the accident by the exercise of reasonable care, then the plaintiff is guilty of. contributory negligence and cannot recover from the defendants even though you further find that the defendants were also guilty of negligence."

This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions rests upon both parties. The primary duty, however, rests upon the party not having the right of way.

Instruction 6.

■ The instructions given were proper and sufficient. The defendant was not prevented from arguing his theory that the plaintiff walked into the side of the bus, and that a reasonable man exercising ordinary care would have seen the bus and avoided it. Similar objections to a trial court's instructions arose in *Laudermilk v. Carpenter*, 76 W.D.2d 699, 708, 457 P.2d 1004 (1969) where the Supreme Court said:

It has, for some years, been the policy of our Washington system of jurisprudence, in regard to the instruction of juries, to avoid instructions which emphasize certain aspects of the case and which might subject the trial judge to the charge of commenting on the evidence, and also, to avoid slanted instructions, formula instructions, or any instruction other than those which enunciate the basic and essential elements of the legal rules necessary for a jury to reach a verdict. Under this theory, counsel has been free, and, indeed, has the responsibility, to argue to the jury, the refinements of these rules within the factual framework of his case. Detailed instructions, such as those proposed here, though once common, are now deemed to be instructions which "point up," "underline," or "buttress" portions of counsel's argument.

See also *Wolff v. Coast Engine Prods., Inc.*, 72 Wn.2d 226, 432 P.2d 562 (1967). The statement of the court in *Laudermilk* applies in the instant case.

The judgment is affirmed.

JAMES, C. J., and SWANSON, J., concur.