620

[No. 1344-3.   Division Three.   December 23, 1975.]

HENRY G. JOHNSON, *Respondent*, v. EDWARD ADAM
STRUTZEL, ET AL, *Appellants*.

*Carlson & Drewelow, Inc.,* and *Larry Carlson,* for appellants.

*Hamilton, Lynch & Kuntz* and *William M. Hamilton,* for respondent.

McINTURFF, C.J.—This is an action for damages for injuries suffered by the plaintiff while he was crossing a 4-lane street within the confines of a marked crosswalk. The trial court held the defendant was negligent as a matter of law, refused to submit to the jury a question of possible contributory negligence on the part of the plaintiff, directed a verdict in favor of the plaintiff, and limited jury deliberations to only the issues of damages.

In Wenatchee on a sunny afternoon in January 1974, the plaintiff-pedestrian was proceeding east across Wenatchee Avenue on the south side of Yakima Street in a marked

crosswalk, when he was struck by defendant-driver. After the traffic light changed in his favor, plaintiff stepped from the curb and commenced walking in an easterly direction. Simultaneously the defendant, who was facing west on Yakima Street, commenced making a left turn to proceed south into the inside lane of Wenatchee Avenue. The testimony of an independent witness indicated that the plaintiff looked straight when stepping from the curb into the marked crosswalk and continued to look "Straight up ahead, you know, down and up," as he crossed Wenatchee Avenue. The testimony further indicated that the defendant was blinded by the sun, making it difficult, if not impossible, to see the plaintiff, but continued his turn at a moderate speed. The plaintiff saw the defendant's car an instant before the accident but had inadequate time to avoid being hit.

■ The first contention of the defendant is that the court erred when it ruled that the defendant was negligent as a matter of law. RCW 46.61.055(1)(a)[1] provides that a pedestrian has the right-of-way over vehicular traffic when crossing with a green light in a marked crosswalk. Obviously, under this statute the defendant had the duty to stop his vehicle before striking a pedestrian in a marked crosswalk with a green light. Defendant's violation of this statute was negligence per se. Hence, we affirm the trial court's determination that the defendant's negligence was also a proximate cause of the accident, making him guilty of negligence as a matter of law.[2]

The primary contention of the defendant concerns the refusal of the court to allow the jury to consider any contributory negligence of the plaintiff. It is argued by the

[1] RCW 46.61.055(1)(a) provides:
"Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited."

[2] See Oberlander v. Cox, 75 Wn.2d 189, 192, 449 P.2d 388 (1969); Jung v. York, 75 Wn.2d 195, 197, 449 P.2d 409 (1969).

defendant that since the plaintiff failed to watch for cars while in the crosswalk, he did not exercise ordinary care for his own safety; thus, the defendant was entitled to a contributory negligence instruction as there was substantial evidence to support this issue.[3]

Essentially we are being asked whether reasonable minds can differ in answering the question whether the plaintiff is negligent under the facts of this case in not looking to the left or right while crossing the street. Several cases have been cited by the defendant, all of which we feel are distinguishable from the instant case.[4]

While strong reliance is placed by defendant upon *Cakowski v. Oleson*, 1 Wn. App. 780, 782, 463 P.2d 673 (1970), its persuasiveness is mooted by the mandated application of *Jung v. York*, 75 Wn.2d 195, 449 P.2d 409 (1969), to the instant case. In *Jung* the trial court had refused to submit to the jury the question of contributory negligence on the part of the plaintiff-pedestrian who was walking in a crosswalk at an uncontrolled intersection. As she crossed in front of the outside lane, a vehicle had stopped to let her pass; but upon crossing in front of the inside lane she was struck by the defendant-driver. The defendant contended that the plaintiff should have been warned by the screeching of his brakes; that if the plaintiff had stopped at the edge of the outside lane and looked before entering the

---

[3] *Shasky v. Burden*, 78 Wn.2d 193, 195, 470 P.2d 544 (1970).

[4] In *Billups v. Matzke*, 3 Wn. App. 716, 477 P.2d 188 (1970), the pedestrian was crossing a state highway between dusk and dark. As she proceeded in the crosswalk from a southbound storage area (place of safety) she was struck by the defendant-driver. The defendant stated she appeared to be running. The court held that under the instruction that one has the duty to see that which he would have seen had he been exercising ordinary care, there is no absolute duty to look, only the duty to look if ordinary care demands it. In the instant case there is no question that the plaintiff was not in the process of leaving a place of safety; nor was visibility hindered by it being either dusk or dark.

Although *Burnham v. Nehren*, 7 Wn. App. 860, 503 P.2d 122 (1972), involved a marked crosswalk, the intersection was uncontrolled and the weather conditions were markedly different, *i.e.*, it was a dark and rainy evening.

inside lane, she would have seen him approaching. The *Jung* court quoted at page 198 the following from *Johnson v. Johnson*, 85 Wash. 18, 25-26, 147 P. 649 (1915)

> If a pedestrian must exercise the same care of continuous observation at the crossings as in the middle of the block, in order to avoid the charge of contributory negligence when run down by a speeding automobile without sounding a warning, then he has no right of way, but enters upon any part of the street at his own peril. *If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing, just as the necessity of the case puts the same higher degree of care upon the pedestrian at other places than at crossings.*
>
> . . .
>
> A corollary of this rule is that the pedestrian rightfully in a crosswalk has the right to assume that operators of approaching vehicles will obey the law and yield the right of way until he knows or should know to the contrary.

(Italics ours. Citations omitted.)

The court then concluded with a statement which is determinative of this case:

> A pedestrian cannot at one and the same time have a right to assume that the right of way will be yielded and a duty to look to make sure that it is. In the absence of circumstances which would alert the pedestrian rightfully in the crosswalk to the fact that an approaching vehicle is not going to yield, negligence cannot be predicated on his failure to look and see the vehicle in time to avoid the accident.

*Jung v. York, supra* at 198.

█ It is the contention of the defendant that *Jung* is distinguishable from the present case because the views of both the driver and the pedestrian were obstructed whereas in the instant case the view, particularly of the plaintiff, was unobstructed. We find this to be without merit. The duty of the pedestrian remains the same whether he could have seen the driver or not, unless there

is some happening which would or should make the pedestrian aware that the driver is not going to yield the right-of-way to him. As stated above, "a pedestrian cannot at one and the same time have a right to assume that the right of way will be yielded and a duty to look to make sure that it is."

In the instant case we find an absence of circumstances which would or should have alerted the plaintiff, who was rightfully in the crosswalk, to the fact that an approaching vehicle, *i.e.*, the defendant, was not going to yield the right-of-way to him. Therefore, there was no necessity for the trial court to give an instruction on contributory negligence.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.