[No. 25293-3-I.   Division One.   July 29, 1991.]

GERALDINE WOOD, ET AL, *Appellants*, v. THE CITY OF BELLINGHAM, *Respondent*.

62

*William Johnston,* for appellants.

*Bruce Disend, City Attorney,* and *Joan Giller, Assistant,* for respondent.

PEKELIS, J. — Geraldine Wood appeals from a judgment on a jury verdict in her personal injury action against the City of Bellingham. Wood contends that the trial court erred in submitting the issue of her contributory negligence to the jury.

I

On January 19, 1988, Wood was walking south on a sidewalk along Meridian Street in Bellingham when she was struck and injured by an automobile owned by the City and driven by one of its employees, Christine Camerer.

At the time of the accident, the City vehicle was emerging from a convenience store parking lot and proceeding toward the public street. Wood testified that when she initially observed the vehicle approach the sidewalk, she stopped to let it proceed. When the vehicle also stopped, Wood assumed that the driver was waiting for her to pass and resumed walking. As she stepped in front of the vehicle, it rolled forward and shoved her into the street where she fell. On cross examination, Wood stated that she did not make eye contact with the driver.

The driver, Camerer, testified that she stopped her vehicle before crossing the sidewalk and looked in both directions for pedestrians. She then rolled forward so that the front of the car extended over the sidewalk and stopped a second time. Camerer testified that she looked to her right but did not see Wood. She then looked left for an opening in traffic so she could make a right-hand turn. As she waited, Camerer lifted her foot off the brake pedal and began to inch forward. At this point, she saw Wood crossing in front of her for the first time and immediately applied the brakes. The car bumped into Wood who fell onto the street, sustaining injury.

At the close of testimony, Wood moved for a directed verdict, claiming that the evidence did not support

instructing the jury on the issue of contributory negligence.[1] The trial court denied Wood's motion.

The jury returned a verdict in Wood's favor, determining that her damages were $10,000 but finding her 50 percent contributorially negligent.

Wood subsequently moved for a new trial, asserting once again that the issue of contributory negligence should not have been submitted to the jury. The court denied the motion, giving the following explanation:

> Mrs. Wood's testimony related to what she assumed, not what she saw. And the jury could find that she saw the car on the sidewalk with the driver looking to her left or south down Meridian Street and not at her and chose to walk in front of the car.
>
> . . . .
>
> If the jury found that Mrs. Wood should have seen that the driver was looking away from her and not at her and walked in front of the car, then that would be a failure to exercise reasonable care for her own safety.
>
> . . . .
>
> I'm satisfied now as I was then, and it isn't a matter of maintaining eye contact or giving up the right of way, that the evidence did support not only the submission to the jury of the question of comparative negligence but also the jury's finding in that regard.

This timely appeal follows.

---

[1]Wood took exception to the following proposed instructions:

"11.

"Contributory negligence is negligence on the part of a person claiming injury or damage which is a proximate cause of the injury or damage complained of.

"If you find contributory negligence, you must determine the degree of such negligence, expressed as a percentage, attributable to the person claiming such injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will reduce the amount of any damages you find to have been sustained by a party who was contributorily negligent, by using the percentage of such contributory negligence.

"12.

"It is the duty of every person using a public street or highway, whether a pedestrian or a driver of a vehicle, to exercise ordinary care to avoid placing herself or others in danger and to exercise ordinary care to avoid a collision."

## II

Wood contends that the trial court erred in instructing the jury on her contributory negligence. Wood argues first that she was not contributorially negligent as a matter of law. This argument is based on Wood's contention that she was under no duty because once Camerer had stopped, Wood's right of way was absolute. Alternatively, Wood contends that there were no facts in evidence to justify submitting the issue of her negligence to the jury.

In response, the City asserts first that Wood has not preserved her substantive claim because she failed to object to the giving of instruction 13, which set out the partie's respective duties of care. In addition, the City claims that the law and the facts justified submitting the issue of contributory negligence to the jury.

We first address whether Wood's objections to the trial court's instructions were sufficient to preserve the issues she raises on appeal. Generally, "[t]he failure to except to the court's instructions or to apprise the court of the specific grounds, theories, or points of law on which any exception is made will preclude consideration of the issue on appeal." *St. Paul Mercury Ins. Co. v. Salovich*, 41 Wn. App. 652, 658, 705 P.2d 812, *review denied*, 104 Wn.2d 1029 (1985).

At trial, Wood objected to instructions 11 and 12 but not 13. In fact, it appears from the record that Wood requested instruction 13 although she proposed an additional paragraph on deception which the court excluded. Instruction 13 mirrors the language of RCW 46.61.365 and is found in WPI 70.02.04, which states:

A statute provides that a driver who is emerging from a driveway shall stop the vehicle immediately before driving onto a sidewalk or onto the sidewalk area extending across the driveway and shall yield the right of way to any pedestrian as may be necessary to avoid collision. This right of way, however, *is not absolute but relative*, and the duty to *exercise ordinary care rests upon both parties*. The primary duty, however, rests upon the driver of the emerging vehicle,

which duty must be performed with reasonable regard to the maintenance of a fair margin of safety at all times.

(Italics ours.)

■ The failure to object to the giving of this instruction does not preclude Wood from challenging whether there were sufficient *facts* to justify the submission of her contributory negligence to the jury. Wood timely apprised the trial court of her position that a contributory negligence instruction was not supported by the evidence, thus enabling the court to render an informed ruling on the issue. Accordingly, we conclude that Wood has preserved her claim on appeal.

■ However, because Wood requested instruction 13, she is unable to now contend that she had an absolute right to proceed across the driveway. On its face, instruction 13 defines the parties' *respective* statutory duties of care, emphasizing that the pedestrian's right of way is not absolute, but relative. Thus, Wood's contention is logically foreclosed by this instruction. Moreover, instruction 13 correctly states the law, and even on appeal, Wood does not contend otherwise. Her argument is that a pedestrian's duty to yield the right of way to a motorist does not arise absent evidence showing that the pedestrian either deceived the motorist into proceeding forward or jumped into the side of the approaching car, citing, *inter alia, Hammel v. Rife,* 37 Wn. App. 577, 682 P.2d 949, *review denied,* 102 Wn.2d 1007 (1984) and *Iwata v. Champine,* 74 Wn.2d 844, 447 P.2d 175 (1968).

■ These cases are inapposite. First, as *Hammel* clearly explains, the deception doctrine is only applicable where a favored party has somehow deceived a reasonably prudent disfavored driver so as to cause that driver to proceed on the assumption that there was a fair margin of safety. *Hammel,* 37 Wn. App. at 582. In other words, the doctrine is only available as a defense for a disfavored party, not a favored party like Wood who seeks to disprove contributory negligence.

■ Wood's reliance on *Iwata v. Champine, supra,* is also misplaced. In *Iwata,* the court found that the plaintiff was contributorially negligent as a matter of law where he stepped into the side of an approaching vehicle making it impossible for the driver to yield the right of way. *Iwata,* 74 Wn.2d at 847. Contrary to Wood's assertion, *Iwata* does not by negative inference stand as authority for the opposite proposition, *i.e.,* that a pedestrian's duty on a sidewalk is *only limited* to not jumping out in front of a vehicle emerging from a driveway.

In sum, we reject Wood's argument that, as a matter of law, she cannot be deemed contributorially negligent.

## III

■ Wood next contends that there was insufficient evidence to justify submitting the issue of her negligence to the jury.[2] Ordinarily, the issue of contributory negligence is a factual question to be resolved by the jury. *Young v. Caravan Corp.,* 99 Wn.2d 655, 661, 663 P.2d 834 (1983) (citing *Baughn v. Malone,* 33 Wn. App. 592, 598, 656 P.2d 1118 (1983)).

■ As a general rule, a pedestrian has the right to assume that the operator of a vehicle will stop and yield the right of way until the pedestrian knows or should know otherwise. *See, e.g., Jung v. York,* 75 Wn.2d 195, 198, 449 P.2d 409 (1969); *Jerdal v. Sinclair,* 54 Wn.2d 565, 567, 342 P.2d 585 (1959). The issue here is precisely whether there are sufficient facts to submit to the jury the question of whether Wood *should have known otherwise.*

Camerer testified that she stopped her vehicle before reaching the sidewalk and looked in both directions for

---

[2]Wood focuses much of her argument on rebutting the trial court and the City's justification for submission of the issue to the jury. Since the issue is a legal one, however, we are not bound by these reasons, but instead review the record de novo.

pedestrians. She then rolled forward so that the front of her vehicle extended over the sidewalk and stopped a second time. Camerer testified that although she looked north (in Wood's direction) several times, she saw no one. Camerer then looked south for an opening in traffic so she could make a right-hand turn. As she started forward, she saw Wood for the first time, now directly in front of her, and struck her.

Based on this evidence, the trial court reasoned that Wood should have seen that Camerer was looking away from her when Wood chose to walk in front of the car. The evidence supports an inference that since Camerer had to wait for a gap in traffic from the south before entering the roadway, she was looking away from Wood for a significant enough period of time for Wood to have noticed this fact had she been looking. Unlike Wood's suggestion that the City needed to prove exactly how long Camerer was looking away from Wood, the evidence adduced at trial is sufficient to suggest that Wood had ample opportunity to notice that Camerer was unaware of her presence. This inference was not rebutted by Wood. While we agree with Wood that there is no obligation for a pedestrian to make eye contact with the driver, Wood's testimony lacked even an inference that she paid any attention whatsoever to what Camerer appeared to be looking at or doing. She testified that she "assumed" the vehicle had stopped for her. In short, Wood's testimony reflects that she exercised her right of way as if it were absolute.

Accordingly, a jury could reasonably conclude that Wood's action in assuming the vehicle had stopped for her and proceeding to cross virtually the entire front of the vehicle without heeding the driver's apparent inattention constituted a failure to exercise due care. Thus, the trial court did not err in submitting the issue to the jury and in denying Wood's motion for a new trial.

Affirmed.

KENNEDY and AGID, JJ., concur.

Review denied at 117 Wn.2d 1028 (1991).