[Civ. No. 4220. First Appellate District, Division Two.—August 1, 1922.]

ANNA PAYNE, Respondent, v. H. WRIGHT, Appellant.

[1] NEGLIGENCE—BACKING OF AUTOMOBILE INTO PEDESTRIAN—FAILURE TO LOOK OR GIVE WARNING—EVIDENCE.—In this action for damages for personal injuries sustained by plaintiff through having been struck and knocked down by defendant's automobile, the evidence was sufficient to justify the jury in concluding that defendant, without giving any warning signal and without looking in the direction of plaintiff, backed his automobile so rapidly into the parking space in which plaintiff was standing between two cars parked close to the curb that she had no opportunity to escape.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Liability for injury by automobile while being backed, note, 2 A. L. R. 1499.

B. P. Gibbs and E. B. Drake for Appellant.

Wheaton A. Gray and J. M. Fursee for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for one thousand dollars, upon a verdict of a jury awarding that amount to plaintiff as damages for personal injuries sustained by being run over by an automobile owned and operated by defendant.

The plaintiff with her grandson, a child of ten years of age, was attempting to cross Main Street, in the city of Los Angeles, at a place in the middle of the block. There were two automobiles parked close to the curb, with sufficient space between them to permit the parking of another machine. Plaintiff stepped off the sidewalk between the two machines which were parked. She is crippled and was walking with a crutch. She looked about her carefully for approaching vehicles before stepping off of the sidewalk, and then took the additional precaution to send her grandson ahead a few feet into the street and past the stationary automobiles, to ascertain whether or not there were any vehicles approaching. While she was standing still between the two automobiles which were parked, and awaiting her grandson's signal to advance, the automobile driven by defendant backed into the space in which she was standing and knocked her down, injuring her severely.

[1] The record contains ample testimony from which the jury might have concluded that the defendant gave no warning signal before backing into the space where plaintiff was standing; that defendant backed into such space rapidly; that plaintiff looked to her right and to her left before leaving the sidewalk; that she looked at the defendant's machine and it was at a standstill; that she thereupon stepped into the street in an attempt to reach the opposite side, and that a moment later, defendant, without any warning signal and without looking in the direction of plaintiff, backed his automobile so rapidly into the space in which plaintiff was standing that she had no opportunity to escape in response to a warning shouted by her young grandson. The record contains the testimony of the traffic officer, who witnessed the accident, and of plaintiff's grandson to the

effect that defendant did not look around nor take any pre-
cautions before backing into the parking space; that he did
not stop until the traffic officer jumped upon the running-
board of his automobile and told him he was crushing a
woman with his car.

It is true, as pointed out by appellant, that the defend-
ant's testimony is in conflict with some of the facts above
recited in some important particulars, but with this conflict
in the evidence we are not concerned upon appeal. The
facts we have recited are testified to, substantially, by plain-
tiff, her grandson, and the traffic policeman, who saw the
accident, and also in most particulars by a witness who was
a passenger in the automobile driven by the defendant at
the time of the accident. A mere recital of the above is a
sufficient answer to appellant's contention that the jury
should have been instructed to find for the defendant upon
the theory that the plaintiff was guilty of contributory
negligence as a matter of law.

The other matters urged by the appellant for a reversal
of the judgment also relate to the refusal of the court to
give certain instructions requested by the defendant. We
have carefully read the instructions given by the court
at the request of the defendant, as well as those instruc-
tions which were refused. It does not seem necessary herein
to discuss and compare these instructions in detail, for it is
entirely clear that the subject matter of the instructions re-
fused was covered fully by the instructions given, and the
theory of the defense was fully stated to the jury.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on September 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were
acting.