[No. 23358.   Department One.   November 13, 1931.]

A. E. Cook *et al.*, *Appellants*, v. John J. Carleton, *Respondent.*[1]

*George F. Hannan,* for appellants.

*Reynolds, Ballinger, Hutson & Boldt,* for respondent.

Herman, J.—About eleven o'clock on the morning of October 14, 1929, plaintiffs were riding in their automobile on the west side of Second avenue, in the city of Seattle, plaintiff husband bringing the car to a stop about the middle of the block opposite the Mehlhorn building, which is on the east side of the street. Plaintiff wife, Isadora Cook, got out of the automobile and crossed the street toward the Mehlhorn building. When plaintiff's car was stopped to permit Isadora Cook to alight, automobiles were parked along the entire west curb, their car being parked double. Isadora Cook proceeded to cross the street approximately mid-

[1]Reported in 4 P. (2d) 1098.

way between the cross-walks at the street intersections. She moved in an easterly direction, and when she came to the farther car track she waited thereon for defendant's automobile to pass her. Defendant was traveling north at about twenty-five miles per hour on the east side of Second avenue. What next happened is best set forth by brief quotations from plaintiff's testimony. Plaintiff husband testified:

"My wife got out of the car in order to go to the Mehlhorn building, and she started across the street. Everything at that time was clear, and I was watching her, and she stopped on the car track, there was a machine coming, and she waited until it passed, and when it passed she proceeded on, and there was an open parking strip there, and when she stepped about in line with the parking strip she turned and motioned to me there was a parking space there, and I nodded all right, and at that moment I saw this Ford car backing into her, and I saw she—she just at that moment was facing the sidewalk, and then she just had time— just at that moment I saw he was going to strike her, and I tried to do something, and I tried to get out of my car—"

Plaintiff wife's testimony was:

"I proceeded to walk on, and as I walked a few steps, I guess about—I don't know how many steps, to be exact I could not say the exact amount, but four or five, I guess, maybe more, I never counted them, I spied this parking space, and I turned around to signal my husband, like 'over here' (indicating), and just that quick, I turned around to tell him that, and I turned this way (indicating) and I got this terrible blow, and fell on the car and then fell to the pavement on the street, about where I was hit."

Defendant testified that he was looking for a parking place, saw the one which plaintiff wife had indicated to her husband, stopped his car, looked back, saw two automobiles double parked behind him and a street car coming toward him, looked toward the curb

and saw no one, and then proceeded to back slowly toward the parking place. He admitted that he sounded no horn.

At the time plaintiff Isadora Cook was injured, there was in effect in the city of Seattle an ordinance which provided as follows:

"Pedestrians shall not step into that portion of the street open to moving traffic at any point between intersections in the business district except to board a street car or to enter a safety zone at right angles."

It was conceded that the injury occurred within "the business district."

The cause was submitted to a jury, and resulted in a verdict for defendant. Judgment was entered on the verdict, and plaintiffs have appealed.

There was a duty upon appellant Isadora Cook to keep a constant watch for approaching vehicles. *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866.

Appellants' counsel submitted proposed instructions based upon the theory of the last clear chance. The last clear chance doctrine may be said to be an exception to the contributory negligence rule. A clear statement of the law in this state relative thereto, and the conditions under which it applies, is well set forth in *Zettler v. Seattle,* 153 Wash. 179, 279 Pac. 570.

To determine whether or not the conditions of this case were such as to warrant the trial court in giving an instruction based on the theory of the last clear chance, we must consider the testimony of the appellants. From such of their statements, when testifying, as have been set forth, it would seem to be well established that appellant Isadora Cook had, through her negligence in attempting to cross the street approximately midway between the street intersections, put herself in a dangerous position; that, while she was in

that portion of the street open to moving traffic, she failed to attempt to extricate herself from a position of danger, but turned around and directed her husband's attention to a parking place; and, as she was turning around, was struck by respondent's backing automobile.

Under these conditions, it must be held that her negligence did not cease, but continued up until the time of the accident. We can not hold as a matter of law that, under the circumstances of this case, respondent should have seen her when he backed his automobile. The doctrine of last clear chance is not here applicable, and the trial court properly refused to give the proposed instructions.

We will not discuss other exceptions to instructions by appellants, for the reason that we determine from the evidence that appellant Isadora Cook was guilty of contributory negligence which was one of the proximate causes of the injury, and judgment should be for respondent as a matter of law.

The jury having found a verdict for respondent, and judgment having been entered thereon, the judgment will be affirmed.

TOLMAN, C. J., MITCHELL, and BEALS, JJ., concur.

PARKER, J. (concurring)—I concur in the result reached by Judge Herman, but solely upon the ground that the jury found against the defendants upon evidence fully warranting that finding; that there is no error in the record warranting the disturbing of that finding, and that therefore judgment was properly rendered upon the verdict. I am of the opinion that we should not, in the light of this record, decide as a matter of law that Mrs. Cook was guilty of contributory negligence constituting the proximate cause of her being injured.