[Civ. No. 9062. Fourth Dist., Div. Two. Nov. 20, 1969.]

OLIVIA STOCKSTILL, Plaintiff and Appellant, v.
SOUTH LAGUNA DISPOSAL CO. et al., Defendants and Respondents.

## COUNSEL

Sigel & Meyerhoff and Allan A. Sigel for Plaintiff and Appellant.

Clausen, Gilliland & Fernandes and Kenneth H. Clausen for Defendants and Respondents.

## OPINION

**TAMURA, J.**—Plaintiff appeals from an adverse judgment in her action to recover damages for injuries she sustained when she was struck by a refuse disposal truck owned by defendant South Laguna Disposal Co. and operated by its employee, defendant Jackson.

Viewing the evidence in the light most favorable to the party prevailing below, as we must on appellate review, it may be summarized as follows: Plaintiff is an elderly lady, approximately 75 years of age at the time of the accident. She resided in a residential area in South Laguna Beach, her house being on the northerly side of Ninth Street, an east-west street which sloped down westerly towards the ocean. On the morning of the accident, she had trimmed some shrubbery and planned to ask the trash disposal truck driver to remove the trimmings which she had piled up next to the street.

Defendant South Laguna Disposal Co. was under contract with a sanitary district to pick up the refuse in the area. Plaintiff's house was on the normal company pick-up route. Defendant Jackson was an employee of the disposal company and on the date of the accident was acting in the scope of his employment as the driver of the truck. The truck had a large box-like body and was equipped with a packer which was located between the cab and the body. The driver's position was on the right side of the cab rather than the conventional left side. The truck was equipped with a manually operable horn but not with a device which would automatically activate the horn when the vehicle is put in reverse gear.

About 10 a.m. on the date of the accident Jackson approached plaintiff's house from the east on Ninth Street. The weather was dry and clear. He stopped in front of plaintiff's house and, at her request, gathered the branches and trimmings, loaded them on the truck, packed them down and got back into the driver's side of the vehicle. At that time plaintiff was standing back on the lawn near the front steps of her house. Jackson's normal route called for a left turn into a narrow street which ran off of Ninth Street just beyond plaintiff's house. After he got into the truck, Jackson released the brakes and the truck moved forward westerly down Ninth Street some 10 to 12 feet. In order to negotiate the turn, he found it necessary to back up and proceeded to do so for a distance of approximately 20 feet.

When plaintiff saw the truck move forward, she went out into the street with a broom to sweep up leaves which had fallen on her side of the street. Before she stepped out, she looked up and down the street and observed no traffic. With her back towards the truck, she proceeded to sweep up the leaves unaware that the truck was backing up. Before he started backing up, Jackson looked into his rear view mirror and saw nothing. He testified that he thought plaintiff had gone back into her house. It was conceded that because of the truck hold, there was a "blind spot" directly behind the vehicle which could not be seen even through the side view mirrors. Jackson proceeded to back up slowly. He did not sound his horn but testified that the truck makes a "roaring noise" when it is backing up.

At the time of the accident, a couple residing across the street from plaintiff's house had backed out of their driveway onto Ninth Street intending to proceed westerly and were awaiting the departure of the disposal truck because a car parked on the south side of Ninth Street left insufficient room to pass. They observed the truck backing up and as it was about to strike plaintiff, sounded their horn to alert her of the impending danger. Plaintiff looked up and just as she did so the rear of the truck struck her head. She fell on her face and the rear wheel of the truck ran over her leg. Jackson, unaware of the accident, negotiated his left turn and made three pick-ups. As he was backing out of the side street, he was informed of the accident and returned to the scene.

Plaintiff suffered severe and permanent injury to her right leg as well as dental and facial injuries. Prior to the accident she was healthy and active.

The jury returned a defense verdict and judgment was entered thereon in favor of defendants.[1] Although plaintiff makes several conten-

---

[1]The action was initially brought against defendants South Laguna Disposal Co. and Jackson. By an amendment, the South Laguna Sanitary District was joined as a defendant. At the close of plaintiff's case, the court granted a motion for nonsuit as

tions on appeal, the pivotal issue is whether, under the evidence, the court erred in instructing the jury on the provisions of section 21954 of the Vehicle Code that a ". . . pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."[2] Plaintiff contends that under the circumstances disclosed by the evidence, section 21954 of the Vehicle Code was inapplicable.[3] We have concluded that the contention is valid.

In *Tomey* v. *Dyson,* 76 Cal.App.2d 212 [172 P.2d 739], the court considered the applicability of former section 562 of the Vehicle Code, now section 21954, to a factual situation similar to the one under review. In *Tomey,* plaintiff, a 76-year-old woman with impaired hearing, was attempting to cross a street at a point outside a crosswalk. Defendant had parked a tow truck on the side of the street where plaintiff was attempting to cross. While standing in the street waiting for the traffic to clear plaintiff was struck by defendant's vehicle as he was backing up. On appeal from a judgment in favor of plaintiff, defendant sought to invoke the provisions of section 562 of the Vehicle Code in support of his contention that plaintiff was guilty of contributory negligence as a matter of law. The court disposed of that contention by stating at p. 219: "We think the preceding section is not applicable to the circumstances of this case. This cause does not involve the question of whether the pedestrian or the vehicle had a superior right to the use of the highway. Both had an equal right to the use of the highway. Both the driver of a machine and a pedestrian should exercise due care consistent with the circumstances surrounding the situation which confronts them. The yielding of a right of way, referred to in the section above cited, contemplates that the pedestrian, with knowledge of the fact that the driver of an automobile is actually using or desires to use the highway at about the same time and place, shall defer to the superior right of the machine. In the

to the sanitary district and the action was dismissed as against the district. The cause was submitted to the jury as against the remaining defendants. Plaintiff has not appealed from the judgment of dismissal as to the sanitary district.

[2]The court's instruction on section 21954 of the Vehicle Code was as follows: "Pedestrians outside crosswalks, Subdivision (a) every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

"Subdivision (b) of that section provides:

"That provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway.

"If you find that a party to this action violated any of the statutes just read to you, you will find that such violation was negligence, unless you find by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law."

[3]The fact that plaintiff was neither crossing nor walking along a highway did not affect her status as a pedestrian. (*Fry* v. *Young,* 267 Cal.App.2d 340 [73 Cal.Rptr. 62]; *Jermane* v. *Forfar,* 108 Cal.App.2d 849, 852 [240 P.2d 351, 30 A.L.R.2d 860].)

present case neither party knew of the contemplated use of the highway by the other party. . . ."

In *Tomey, supra,* the court relied in part on *Payne* v. *Wright,* 58 Cal. App. 655 [209 P. 218], where defendant in backing into a parking slot struck a pedestrian who was standing in the street waiting to cross. On defendant's appeal in *Payne* from a judgment for the pedestrian, the reviewing court rejected his contention that the pedestrian was guilty of contributory negligence as a matter of law.

Defendants urge that the applicability of the right-of-way statute should not be made to turn on the presence or absence of an actual awareness by the pedestrian of the use or contemplated use of a highway by a vehicle. ■ We base our conclusion, not on the fact that plaintiff was unaware that defendant intended to back up, but on the ground that section 21954 of the Vehicle Code was not intended to give motorists a superior right over pedestrians when backing a vehicle on a highway. The section was obviously designed to require a pedestrian to yield the right of way to normal *oncoming* vehicular traffic, not to give superior rights to a motorist backing up on a highway. ■ A driver may not back a vehicle on a highway unless it can be done "with reasonable safety." (Veh. Code, § 22106; *Armenta* v. *Churchill,* 42 Cal.2d 448, 455-456 [267 P.2d 303].)[4]

Defendants seek to distinguish *Tomey* v. *Dyson, supra,* 76 Cal.App.2d 212, on the ground that in 1946 when that case was decided section 562 provided: "Every pedestrian *crossing* a roadway. . . shall yield the right of way. . . ," [Italics supplied] whereas section 21954 of the Vehicle Code, as amended in 1961, substitutes the word "upon" for the word "crossing." We recently had occasion to consider the purpose of the 1961 amendment to section 21954. (*Myers* v. *King,* 272 Cal.App.2d 571 [77 Cal.Rptr. 625].) We noted in that case that the amendment was designed to eliminate the confusion which theretofore existed as to whether a pedestrian standing on a roadway was "crossing" within the meaning of the statute. (*Myers* v. *King, supra,* p. 578.) In *Tomey, supra,* the court's observations concerning the inapplicability of section 562 of the Vehicle Code were not based on the fact that plaintiff was not "crossing" a street, but on the ground that the section was inapplicable to a vehicle backing up on the highway. The 1961 amendment to section 21954 does not detract from the force of *Tomey* as a precedent.

---

[4]Section 22106 of the Vehicle Code provides: "No person shall start a vehicle stopped, standing, or parking on a highway, nor shall any person back a vehicle on a highway until such movement can be made with reasonable safety."

 We conclude that the court erred in instructing the jury on the provisions of section 21954 of the Vehicle Code. The question remains whether the error requires reversal.

 The rendition of the instruction was prejudicial. Under the instruction, once the jury found that plaintiff had violated section 21954, it was required to find that she was negligent unless she proved by a preponderance of the evidence that she was acting reasonably. The effect of the instruction was to place on plaintiff the burden of proving freedom from contributory negligence. It is impossible to determine from the general verdict whether the jury found that defendants were free of negligence or whether it found that defendants were negligent but that, based upon the erroneous instruction, plaintiff was guilty of contributory negligence in failing to yield the right of way to the truck driver. Where it seems probable that the verdict may have been based on an erroneous instruction, prejudice appears, and the reviewing court should not speculate on the basis of the verdict. (*Vistica* v. *Presbyterian Hospital*, 67 Cal.2d 465, 471 [62 Cal.Rptr. 577, 432 P.2d 193]; *Robinson* v. *Cable*, 55 Cal.2d 425, 428 [11 Cal.Rptr. 377, 359 P.2d 929].) The likelihood that the erroneous instruction contributed to the verdict in the instant case is heightened by defense counsel's statements in his argument to the jury wherein he stressed the theory that the law required plaintiff "to yield the right of way to all vehicles on the street" and made repeated reference to defendants' "superior right" to use the street.[5]

---

[5]E.g., defense counsel argued in part: "Now then, again, you are going to be instructed that the plaintiff was in her position out in the street, not in a crosswalk or an unmarked crosswalk at an intersection, but out in the street as she was, must yield the right of way to all vehicles on the street. Now, the significance of that is that the defendant had the superior right to the use of the street. The street is for the use of vehicles. Pedestrians may cross it but when they cross the street in other than a crosswalk, whether it be marked or unmarked, if it's unmarked it must be at the intersection, the law requires the pedestrian, as I said, to yield the right of way to all vehicles on the street. Now, it simply means that the automobile has the superior right and where is it important here in this respect? This means that Mrs. Stockstill does not have a license to walk out onto the street and disregard traffic on the street. The motor vehicles on the street while she is out in the street as she was have the superior right, so at the very least, ladies and gentlemen, this places upon Mrs. Stockstill some duty to ascertain what, if any, vehicles are on the street, are using the street and to be reasonably vigilant in respect to vehicular traffic."

Later in his argument he stated: "Now, what does all that add up to? Ladies and gentlemen, it adds up to this: Mrs. Stockstill wanted to sweep the street. It's perfectly all right for her to do it but she has certain obligations. She has the duty to yield the right of way to traffic lawfully using the street, and it's lawful to back on that street. She has the duty, having been required to yield the right of way to the vehicle, she has the duty to keep her eye on it, to ascertain its presence and the presence of other vehicles on the street. . . ."

In view of the foregoing it is unnecessary to consider plaintiff's remaining contentions. Judgment reversed.

Kerrigan, Acting P. J., and Hilliard, J. pro tem.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 14, 1970.

---

*Assigned by the Chairman of the Judicial Council.