[No. 9585-8-II.   Division Two.   September 9, 1987.]

AMELIA SULKOSKY, *Appellant,* v. ROBERT BRISEBOIS, ET AL, *Respondents.*

*Hollis H. Barnett* and *Campbell, Dille, Barnett, Mc-Carthy & Adams,* for appellant.

*Vernon W. Harkins* and *Rush, Hannula & Harkins,* for respondents.

ALEXANDER, J.—Amelia Sulkosky appeals a verdict in a personal injury action in favor of the defendant, Dorothy Brisebois. She assigns error to the trial court's jury instruction that defined a pedestrian's duty of care when crossing a street other than at a crosswalk. We find no error and affirm.

On the evening of April 1, 1984, Dorothy Brisebois parked her car in a parking zone on Meridian, a one–way street in Puyallup. The parking space was directly in front of the Showman's Club, where Brisebois played Bingo. A stoplight and a crosswalk were located somewhat south of Brisebois's vehicle at the intersection of 5th and Meridian Streets.

Brisebois left the Bingo game at approximately 9 p.m. She testified that she entered her car, looked through her rear– and side–view mirrors, and saw that a person in a car parked behind her was getting ready to drive out of a parking space. Brisebois waited until that vehicle moved out, and then checked her mirrors again. After turning around and looking over her right shoulder to see if any people or cars were coming, Brisebois checked her mirrors again and started to back up her vehicle. She then heard someone banging on the right side of her car.

On the same evening, Amelia Sulkosky and her husband, Stanley, walked out of the Showman's Club toward their vehicle, which was also parked on Meridian, but across the

street from the Showman's Club. Amelia Sulkosky testified that when they reached the sidewalk next to Brisebois's vehicle, she did not notice anyone in the vehicle. Stanley Sulkosky then stepped off the sidewalk behind Brisebois's vehicle to check to see if there was any traffic on Meridian Street. Amelia Sulkosky said that she stepped off the sidewalk behind Brisebois's car with the intention of crossing Meridian and was struck by Brisebois's backing vehicle. Stanley Sulkosky then began pounding on Brisebois's vehicle in order to get Brisebois's attention. Amelia Sulkosky was knocked to the concrete road surface by Brisebois's vehicle. She claimed that the accident caused injuries to her tailbone and neck. She admitted that there was no crosswalk at the place she attempted to cross Meridian Street.

Amelia Sulkosky commenced a personal injury action in Pierce County Superior Court against Brisebois. The case proceeded to a jury trial. At the conclusion of the evidence, the trial court gave the jury an instruction, over Sulkosky's objections, as follows:

A Puyallup city ordinance provides that it is the duty of a pedestrian

(1) Not to step into that portion of the street *open to moving traffic* at any point between intersections in the *central business district,* and any business district or any arterial highway, or between adjacent intersections of streets protected by stopsigns, except at marked crosswalks or other places specially provided.

(2) Pedestrian crossing *a roadway* other than at intersection crosswalks shall yield the right–of–way to all vehicles upon *the roadway.*

(3) Notwithstanding the foregoing provisions, every driver of a vehicle shall exercise due care to avoid colliding with a pedestrian upon the roadway.

(Italics ours.)

The jury returned a verdict in favor of the defendant, and the trial court entered judgment on this verdict. Sulkosky appealed to this court.

Sulkosky assigns error to the trial court's instruction set forth above. She contends first that the trial judge erred in

giving paragraph (1) of the instruction. She argues that this portion of the instruction, although a correct rendition of the Puyallup ordinance, only applies in a business district and that the defendant did not present any evidence that the accident occurred within a business district. We will not consider this argument because Sulkosky failed to object to the instruction on this basis at trial. RAP 2.5(a).

■ A party excepting to proposed instructions at trial must specify the paragraph or particular points of the instructions to which the party objects. *Nelson v. Mueller,* 85 Wn.2d 234, 238, 533 P.2d 383 (1975). An appellate court "will not consider a new basis for an exception which is raised for the first time on appeal." *Nelson,* 85 Wn.2d at 238.

Sulkosky also argues, as she did at trial, that the trial court improperly included paragraph (1) in the jury instruction because, according to her, she did not step into the portion of the street "open to moving traffic". She asserts that she was in a parking zone and that a parking zone is not an area open to moving traffic within the meaning of that section. We disagree.

In *Cook v. Carleton,* 165 Wash. 232, 4 P.2d 1098 (1931), the court reviewed a similar Seattle ordinance which read:

> "Pedestrians shall not step into that portion of the street *open to moving traffic* at any point between intersections in the business district except to board a streetcar or to enter a safety zone at right angles."

(Italics ours.) *Cook,* 165 Wash. at 234. The court held that this statute applied in a case in which a pedestrian, Cook, was let out of a car in the middle of a block and crossed from that point into a parking zone where she was hit by a backing automobile. *Cook,* 165 Wash. at 234. Notwithstanding the fact that Cook was in a parking zone when struck, the court determined that "she was in that portion of the street open to moving traffic . . ." *Cook,* 165 Wash. at 234–35.

■ We agree with the court in *Cook* that a parking zone on a roadway is an area open to moving traffic. Although

traffic may not move as frequently in a street–side parking zone, vehicles do enter, exit and move about. Because there was evidence that Amelia Sulkosky stepped into the parking area, a part of the street open to moving traffic, the portion of the Puyallup ordinance set forth in paragraph (1) of the jury instruction was properly included.

Sulkosky contends that this construction of the ordinance would create an absurd result, because a person would necessarily violate the ordinance every time he or she stepped into a parking zone with the intention of entering his or her lawfully parked vehicle. We need not address that argument, however, because that factual situation did not exist in this case. Here, Amelia Sulkosky was not attempting to enter her vehicle at the time she was struck, but instead was only passing through the parking zone on her way across the street.

Sulkosky also contends that the trial court erred in including paragraph (2) in the instruction because she was not crossing a "roadway" within the meaning of that ordinance. We disagree.

RCW 46.04.500, which was adopted by the City of Puyallup by reference[1] defines a roadway as "that portion of a *highway* improved, designed, or ordinarily used for vehicular travel, *exclusive of the sidewalk* or *shoulder . . .*" (Italics ours.)

According to rules of statutory construction, when a statute specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature under the maxim expressio unius est exclusio alterius—specific inclusions exclude implication.

*Washington Natural Gas Co. v. PUD 1,* 77 Wn.2d 94, 98, 459 P.2d 633 (1969). By the same token, "[w]here a statute provides for a stated exception, no other exceptions will be assumed by implication." *Jepson v. Department of Labor*

---

[1]*See* Puyallup Municipal Code 10.16.010, 46.90.100.

& *Indus.*, 89 Wn.2d 394, 404, 573 P.2d 10 (1977). Here, the Legislature excluded sidewalks and shoulders from the definition of a roadway, but did not exclude any other portions of the highway from the definition. Application of the aforementioned rule of construction leads us to conclude that a parking zone, because it was not specifically excluded from the statute, is included in the definition of a roadway.[2]

Sulkosky also urges this court to adopt the reasoning of several California cases, which suggest that a "yield the right of way" provision, such as the one here at issue, should not apply when a pedestrian is hit by a backing vehicle. She relies on *Tomey v. Dyson,* 76 Cal. App. 2d 212, 172 P.2d 739 (1946), in which the court reasoned that a similar[3] yield the right of way ordinance did not apply, when a pedestrian was hit by a backing vehicle of which she was unaware, because neither party knew of the contemplated use of the highway by the other party. *Tomey,* 172 P.2d at 743. *See also Stockstill v. South Laguna Disposal Co.,* 1 Cal. App. 3d 1022, 82 Cal. Rptr. 268, 271 (1969) (the section was designed to require a pedestrian to yield the right of way to normal oncoming vehicle traffic and not to give superior rights to a motorist backing up on a highway).

We decline to follow the California cases and hold, instead, that the yield the right of way language in paragraph (2) applies to this case and that the trial court properly included it in the instruction. We are led to this

---

[2]If the jury believed that Mrs. Sulkosky crossed a street in a business district, then paragraph (2) would not apply because paragraph (1) would have taken precedence. The question whether the accident occurred within a business district was a factual determination for the jury, however, and the defendants had the right to request paragraph (2) in the event that the jury found that the accident did not take place in a business district. The court's instruction did not define the term "business district." *See* RCW 46.04.080.

[3]That ordinance read:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. . . ." *Tomey v. Dyson,* 76 Cal. App. 2d 212, 172 P.2d 739, 743 (1946).

conclusion because the ordinance itself does not restrict its application to oncoming traffic only.

"Yield the right of way" ordinances impose a requirement of continuous observation and avoidance of injury on the person who is required to yield the right of way. *Oberlander v. Cox,* 75 Wn.2d 189, 192, 449 P.2d 388 (1969). The fact that Amelia Sulkosky did not see Brisebois's backing vehicle does not relieve her of the duty to yield the right of way. The person who has a duty to yield the right of way has the duty to yield to that which she sees, or in the exercise of reasonable care *should have seen.* *Oberlander,* 75 Wn.2d at 192; *Overlander v. Johnson,* 11 Wn. App. 331, 333, 523 P.2d 434 (1974).[4] Although the duty to avoid a collision rests on both driver and pedestrian, the primary duty rests upon the party not having the right of way. *Burnham v. Nehren,* 7 Wn. App. 860, 865, 503 P.2d 122 (1972). Thus, the trial court properly gave paragraph (2) of the instruction.

We affirm the decision of the trial court.

REED, C.J., and WORSWICK, J., concur.

---

[4]The jury in this case was instructed that "[e]very person has the duty to see what would be seen by a person exercising ordinary care."