[No. 64744-5. En Banc.]
Argued September 24, 1997.    Decided March 12, 1998.

MARK WELCH, *Petitioner*, v. THE SOUTHLAND CORPORATION, *Respondent*.

630

*Law Offices of D. Scott Blair,* by *D. Scott Blair* and *Nancy L. Schultz,* for petitioner.

*Keating, Bucklin & McCormack, P.S.,* by *Mark R. Bucklin* and *Stewart A. Estes,* for respondent.

*Gary N. Bloom, Bryan P. Harnetiaux,* and *Debra L. Stephens* on behalf of Washington State Trial Lawyers Association, amicus curiae.

JOHNSON, J. — This case involves the interpretation of RCW 4.22.070 and RCW 4.22.015, specifically, whether liability may be apportioned to intentional tort-feasors. The superior court held that the defendant, Southland Corporation (Southland), was entitled to apportion liability to an assailant who shot and injured the plaintiff, Mark Welch (Welch), at one of Southland's convenience stores. We granted direct review of the superior court's decision and reverse. Intentional acts are not included in the statutory definition of "fault," and a defendant is not entitled to apportion liability to an intentional tort-feasor. *See* RCW 4.22.015.

FACTS

At approximately 5:30 A.M. on November 25, 1993, Welch

was entering a 7-11 convenience store located in Mountlake Terrace, Washington. Another patron, exiting the store, stopped Welch and asked Welch to hand over his wallet. Welch refused. The patron then grabbed Welch's arm and asked Welch a second time for his wallet. When Welch refused, the patron pulled a gun out of his pocket and shot at Welch. Welch was hit in the abdomen and fell to the ground.[1] The patron/assailant grabbed Welch's wallet and fled the scene. The patron/assailant has not been apprehended.

Welch filed a summons and complaint in Snohomish County Superior Court against Southland. He alleged Southland was liable for his injuries because the company failed to maintain a safe premises for its business invitees. Southland answered the complaint, denied any negligence, and pleaded as an affirmative defense that any fault on its part should be apportioned with the negligent and intentional acts of the unknown assailant and Welch.

Welch moved for partial summary judgment to strike that defense. He argued that any fault based upon the assailant's action in shooting him was not within the statutory definition of *fault* under RCW 4.22.015 and, therefore, not subject to apportionment under RCW 4.22.070. The trial court denied Welch's motion, entered an order so indicating, and signed a memorandum decision in which it found that "where the plaintiff, a negligent tortfeasor defendant, and an intentional tortfeasor are all liable, the negligent defendant is entitled to the benefit of the comparative fault statute." Clerk's Papers at 54. The court further concluded, "unidentified tortfeasors are entities that a jury may attribute comparative fault to under RCW 4.22.070." Clerk's Papers at 56.

Welch's motion for reconsideration was denied. We

---

[1]The number of times Welch was actually shot is unclear. In his first amended complaint, Welch claims he was shot three times. In a statement to Mountlake Terrace Police, Welch stated he thought he was shot twice but was unsure. Southland claims Welch was shot only once but erroneously cites to a portion of the record which provides no support for that assertion. In its memorandum decision, the trial court stated Welch was shot three times.

granted direct review and the action was stayed pending our resolution of the issue before us.

## ANALYSIS

When reviewing the grant or denial of a summary judgment, we engage in the same inquiry as the trial court. *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). A motion for summary judgment should be granted when there are no genuine issues as to material facts and the moving party is entitled to summary judgment as a matter of law. CR 56(c); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Furthermore, this is a case of statutory construction which requires de novo review. *King County Fire Protection Dists. v. Housing Auth.*, 123 Wn.2d 819, 825, 872 P.2d 516 (1994). We are called upon to determine whether the statutory definition of *fault*, RCW 4.22.015, includes intentional tort-feasors and, thus, whether a defendant may apportion liability to an intentional tort-feasor under RCW 4.22.070.

A defendant's ability to apportion liability in a tort case to another "entity"[2] is governed by RCW 4.22.070, which states in pertinent part:

(1)   In all actions involving *fault* of more than one entity, the trier of fact shall determine the percentage of the total *fault* which is attributable to every entity which caused the claimant's damages . . . . The liability of each defendant shall be several only and shall not be joint except:

. . . .

(b)   If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants total damages.

(Emphasis added.)

---

[2]An "entity," as that term is used in RCW 4.22.070(1), "must be a juridical being capable of fault." *Price v. Kitsap Transit*, 125 Wn.2d 456, 461, 886 P.2d 556 (1994).

■■■ We have previously held that the above portion of RCW 4.22.070 makes clear that where the cause of action is governed by that statute, "several liability is now intended to be the general rule" and that "[t]he statute evidences legislative intent that *fault* be apportioned and that generally an entity be required to pay that entity's proportionate share of damages only." *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 294, 840 P.2d 860 (1992) (emphasis added). Under the plain language of RCW 4.22.070, in order for a defendant to apportion liability to another entity, that entity must be at *fault.*

RCW 4.22.015 defines *fault* as:

> acts or omissions, including misuse of a product, that are in any measure *negligent* or *reckless* toward the person or property of the actor or others, or that subject a person to strict tort liability or liability on a product liability claim. . . . Legal requirements of causal relation apply both to fault as the basis for liability and to contributory fault.

(Emphasis added.) Southland argues it is entitled to apportion liability for Welch's injuries to the assailant who shot Welch. Southland readily admits its position is that apportionment is "important only so that joint and several liability is eliminated." Answer to Mot. for Discretionary Review at 10, n.3.

In interpreting RCW 4.22.015 and RCW 4.22.070, we seek to ascertain and give effect to the intent and purpose of the Legislature as expressed in those statutes as a whole. *See Tommy P. v. Board of County Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982). If we find RCW 4.22.015 and RCW 4.22.070 are unambiguous, each statute's meaning is derived from its language alone. *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991). If, however, we find the meaning of those statutes is not plain and unambiguous, we apply principles of statutory construction to ascertain the Legislature's purpose in enacting them. *Morris v. Blaker*, 118 Wn.2d 133, 142-43, 821 P.2d 482 (1992).

We hold RCW 4.22.015 and RCW 4.22.070, in the context here, are not ambiguous. The plain language of both statutes evidences a legislative intent that liability not be apportioned to intentional tort-feasors. RCW 4.22.070 provides for apportionment of liability "[i]n all actions involving *fault* of more than one entity . . . ." (Emphasis added.) RCW 4.22.015, in turn, defines *fault* as "acts or omissions . . . that are in any measure *negligent* or *reckless* toward the person or property of the actor or others . . . ." (Emphasis added.) As Welch correctly asserts, the statutory definition of *fault* does not include intentional acts or omissions. Thus, we conclude, from the plain language of RCW 4.22.015, the Legislature did not intend an entity who commits an intentional tort be considered at *fault* for purposes of RCW 4.22.070.

This result is consistent with two recent cases where we determined the Legislature did not extend apportionment of liability to intentional tort-feasors in RCW 4.22. *Schmidt v. Cornerstone Inv., Inc.*, 115 Wn.2d 148, 795 P.2d 1143 (1990); *Price v. Kitsap Transit*, 125 Wn.2d 456, 886 P.2d 556 (1994). In *Schmidt*, the investors in a property financing transaction brought suit against numerous other parties also involved in the transaction. The plaintiffs (investors) asserted various theories of liability including conspiracy, fraud, negligent misrepresentation and intentional and negligent infliction of emotional distress. One of the issues we considered was whether the trial court erred in reducing the jury's award against each defendant "by the $150,000 reasonableness figure and plaintiffs' 10 percent contributory fault share." *Schmidt*, 115 Wn.2d at 161. The plaintiffs argued the court should have excluded their recovery for conspiracy, fraud and Consumer Protection Act violations before applying the $150,000 offset because the definition of *fault* under RCW 4.22 did not include intentional torts. In examining the definition of *fault*, we noted RCW 4.22.015 defines *fault* for the purpose of RCW 4.22 and "the Legislature's intent to *exclude* intentional conduct from the definition of fault is clear . . . ." *Schmidt*, 115 Wn.2d at 162 (emphasis added).

In *Price*, a Kitsap Transit passenger's prior injuries were aggravated when a four-year-old child activated an emergency stop switch on a bus. The plaintiff passenger sought damages from the child, the child's father and Kitsap Transit, which operated the bus. Prior to trial, the plaintiff settled with the child and the child's father. The parties then appeared before a trial judge to determine the reasonableness of the settlement.[3] The settlement was determined to be reasonable and the case against the child and the child's father was dismissed. The plaintiff's suit against Kitsap Transit went to trial with the trial court determining the plaintiff's total damages to be $259,535. The trial court then determined that, of the total damages, Kitsap Transit was 10 percent at fault, the child's father was 10 percent at fault, and the child was 80 percent at fault but immune from liability. The trial court ordered Kitsap Transit to pay the plaintiff in accordance with its share of fault.

The plaintiff appealed, claiming the trial court erred in assigning any percentage of fault to the child. We agreed. Although we noted children under six may be held liable for volitional, wrongful conduct, we held that "intentional torts are part of a wholly different legal realm and are inapposite to the determination of fault pursuant to RCW 4.22.070(1)." *Price*, 125 Wn.2d at 464. Furthermore, we relied upon our previous decision in *Schmidt*, stating, " '[t]he definition [of fault as used in RCW 4.22.015] is intended to encompass all degrees of fault in tort actions *short of intentionally caused harm . . .'.*" *Price*, 125 Wn.2d at 464 (quoting *Schmidt*, 115 Wn.2d at 161). *Accord Honegger v. Yoke's Wash. Foods, Inc.*, 83 Wn. App. 293, 921 P.2d 1080 (1996), *review denied*, 131 Wn.2d 1016 (1997).

Southland argues, however, the language we refer to in *Schmidt* and *Price* is "dicta." It further asserts even if the definition of *fault* in RCW 4.22.015 does not include intentional acts or omissions, RCW 4.22.070(1) should be

---

[3]Prior to settling, RCW 4.22.060 requires a party seeking settlement to obtain a determination by the court that the settlement amount is reasonable.

read without reference to RCW 4.22.015. In that regard, Southland points out that the 1981 statutory definition of fault in RCW 4.22.015 predates the tort reform act of 1986[4] which included the apportionment of liability statute, RCW 4.22.070(1). According to Southland, *Schmidt* and *Price* never considered the impact of the tort reform act of 1986 and this court's analysis of the definition of *fault* in those cases was "made in the context of a tort system in which joint and several liability was the rule." Br. of Resp't at 25.

Southland's arguments ignore the statutory scheme of RCW 4.22 as enacted by the Legislature. Nowhere in RCW 4.22 is there a definition of *fault* separate from that in RCW 4.22.015. *See American Legion Post No. 32 v. City of Walla Walla*, 116 Wn.2d 1, 8, 802 P.2d 784 (1991) (in carrying out the Legislature's intent, legislative definitions provided in the statutes generally control). Rather, RCW 4.22.015 and RCW 4.22.070 are part of the same chapter governing contributory fault. If the Legislature had intended liability to be apportioned to intentional tortfeasors, it could have included intentional acts and omissions within the statutory definition of *fault* when it enacted RCW 4.22.070. Furthermore, we have previously held when similar words are used in different parts of a statute, " 'the meaning is presumed to be the same throughout.' " *Cowles Publ'g Co. v. State Patrol*, 109 Wn.2d 712, 722, 748 P.2d 597 (1988) (quoting *Booma v. Bigelow-Sanford Carpet Co.*, 330 Mass. 79, 82, 111 N.E.2d 742 (1953)) ("[t]he definition of 'invasion of privacy' set forth with respect to one section of the public disclosure act should also apply to an invasion of privacy in respect to other sections of the act"). *See also In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961 (1988) ("where a statute designates a list of things whereupon the statute operates, the inference arises that the Legislature intended to omit other things not listed; 'specific inclusions exclude implication' ") (quoting *Sulkosky v. Brisebois*, 49 Wn. App. 273, 277, 742 P.2d 193 (1987)).

Under the current statutory definition of *fault*, a defend-

---

[4]LAWS OF 1986, ch. 305, §§ 100-912.

ant is not entitled to apportion liability to an intentional tort-feasor. The Legislature has defined *fault* in terms of recklessness and negligence. If fault is to be apportioned to intentional tort-feasors, it is for the Legislature to make such a determination. The language from *Schmidt,* 115 Wn.2d 148, and *Price,* 125 Wn.2d 456, upon which Welch correctly relies, is not dicta. Our statutory analysis in those cases controls our holding here. The trial court erred in denying Welch's motion for partial summary judgment.

Reversed and remanded.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.